# EXHIBIT C

# TOLLING AGREEMENT

This Agreement is made by and between Banta Management Services, Inc., Banta BWW, MDT LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, Banta BWW NB, LLC, George E. Banta, Sr., George E. Banta, Jr., and their officers, agents, parent corporations, subsidiaries, joint employers and/or representatives (collectively "Buffalo Wild Wings" or "Defendants") and Plaintiffs. This agreement is for the benefit of Plaintiffs and "Potential Plaintiffs" as that term is defined. "Potential Plaintiffs" are those servers, bussers, bartenders and other "tipped workers" employed by Buffalo Wild Wings at locations operated by Defendants at Middletown, New York, Wappinger Falls, New York and Oneonta, New York between June 6, 2010 and the date this tolling agreement is ended by either party pursuant to the terms of this Agreement.

WHEREAS Plaintiffs and Potential Plaintiffs are or were employees of Buffalo Wild Wings and Plaintiffs have indicated their intent to file an action (the "Action") bringing claims on behalf of themselves and Potential Plaintiffs under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, without admitting any liability or likelihood of liability, counsel for Plaintiffs and Potential Plaintiffs and Buffalo Wild Wings agree that pre-litigation discussions of the proposed Action are warranted;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiffs and Potential Plaintiffs and Buffalo Wild Wings hereby agree as follows:

1.      Tolling Provision. The statute of limitations on any claim brought by Plaintiffs in the Action under the FLSA or NYLL (as described above) shall be tolled during the period of time beginning on the Effective Date of this Agreement (defined below) and ending seven (7) days after either party gives notice of termination to the other as set forth below (hereinafter, the "Tolling Period"). Neither party shall put forward or rely upon the time passing within the Tolling Period as a bar by virtue of the statute of limitations or laches in the Action. Provided, however, nothing in this Agreement shall prohibit Buffalo Wild Wings from relying on the passage of time occurring outside of the Tolling Period for the purposes of asserting the statute of limitations or laches as defenses in the Action. This paragraph does not apply to claims made to enforce this Agreement. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims.

2.      Duration. The Effective Date of this Agreement is  July 28,  2016, and this Agreement shall terminate seven (7) days after either party gives written notice of cancellation to the other.

1

3.     Use of Agreement. During the term of this Agreement, Plaintiffs and Potential Plaintiffs shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Buffalo Wild Wings raising FLSA or NYLL claims. Furthermore, during the term of this Agreement, Buffalo Wild Wings shall advise counsel for Plaintiffs of any other pending litigation or contemplated litigation on behalf of one or more tipped workers of which Buffalo Wild Wings or its counsel is or becomes aware. Upon execution of this Agreement by the Parties, Plaintiffs' counsel shall disclose to Defendants' counsel the names of the individual plaintiffs who have agreed to be members of the putative class action and/or collective action. During the term of this Agreement, Plaintiffs' counsel agrees that it will not solicit additional employees or former employees of the Defendants to be members of the putative class action and/or collective action. During the term of this agreement, Defendants agree they will not discuss this matter with any putative Plaintiff.

4.     Modification. This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5.     Successors. This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

6.     Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York.

7.     Execution of Counterparts. Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

8.     Authority to Bind. Each Counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

9.     Notices. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiffs and Potential Plaintiffs, address to:

If to Plaintiffs and Potential Plaintiffs, address to:

Brian S. Schaffer
Fitapelli & Schaffer, LLP
28 Liberty Street
New York, New York 10005

If to Defendants, address to:

Benjamin F. Neidl
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
677 Broadway
Albany, New York  12207

Notwithstanding anything to the contrary in this Agreement, either party may alter the name and contact information to whom notice is to be sent under this section, by providing the other party with an updated name and contact information in writing.

Dated:  June 6, 2016          Plaintiffs and Potential Plaintiffs

By: _____
    Brian S. Schaffer

Dated: ___/__, 2016          Banta Management Services, Inc., Banta BWW,
                             MDT LLC, Banta Nine Mall, LLC, Banta BWW ON,
                             LLC, Banta BWW NB, LLC, George E. Banta, Sr.,
                             and George E. Banta, Jr.

By: _____

3