

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

August 17, 2018

**VIA ECF**
The Honorable Nelson S. Román
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re:   Patrick Imbarrato and Nick Priano, individually on behalf of themselves and all others similarly situated v. Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC, George Banta, Sr., And George Banta, Jr.**

  **Case No.: 7:18-cv-05422**

Dear Judge Román:

Defendants hereby request a Pre-Motion Conference regarding their intended motion to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6) as it pertains to George Banta Jr. and George Banta Sr. (the "Individual Defendants"), as well as Plaintiffs' claims under New York Labor Law Article 6 §§ 195 (1) and (3), as they pertain to all Defendants.

The Complaint alleges that Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC (the "Corporate Defendants") owned and operated Buffalo Wild Wings, a restaurant chain, during the relevant time period.  Plaintiffs, former servers at Buffalo Wild Wings, assert causes of action against Defendants under the FLSA and New York Labor Law based on Defendants' alleged failure to pay tipped workers at the full minimum wage rate while requiring them to perform non-tip producing work.

Based exclusively upon a threadbare and conclusory recital of some of the "economic reality" test factors, Plaintiffs attempt to impute these alleged violations to Individual Defendants George Banta Sr. and George Banta Jr., who are, according to the Complaint, the owner and founder of Buffalo Wild Wings, and Vice President of Banta Management Services, Inc., respectively.  The Complaint's unsupported allegations that the Individual Defendants "had the power to control the operations and compensation practices at Buffalo Wild Wings," or "had power over the personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment." or were "actively involved in managing the day to day operations of Buffalo Wild Wings,"  are

insufficient to plausibly state that the Individual Defendants operated as "employers" under the FLSA and NYLL.

To survive a motion to dismiss, a plaintiff must allege more than "mere boilerplate allegations that an individual meets the various prongs of the economic reality test." *Bravo v. Established Burger One LLC*, No. 12-civ-9044(CM), 2013 WL 5549495, at *7 (S.D.N.Y. Oct. 8, 2013) (granting motion to dismiss individual defendants). Indeed, courts within the Second Circuit routinely dismiss FLSA and NYLL claims against individuals when they are only based upon "conclusory allegations designed to satisfy th[e] economic reality test." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11-civ-6658 (PAC), 2012 WL 3886555, at *12 (S.D.N.Y. Sept. 6, 2012) (quoting *Sampson v. MediSys Health Network*, No. 10-Civ-1342(SJF)(ARL), 2012 WL 3027850, at *15–16 (E.D.N.Y. Feb. 9, 2012)); *see also Gisomme v. HealthEx Corp.*, No. 13-civ-2541(LDW), 2014 WL 2041824, at *3–4 (E.D.N.Y. May 15, 2014) (recognizing that the conclusory allegations that an individual defendant "was 'actively involved' in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedures" with the power to "hire and terminate employees, control work scheduled and conditions of employment, and set wages" were inadequate to demonstrate that he was an employer within the meaning of the FLSA); *Coley v. Vannguard Urban Imp. Ass'n Inc.*, No. 12-civ-5565(PKC), 2014 WL 4793825, at *3 (E.D.N.Y. Sept. 24, 2010) (holding allegation that "[a]s a member of the Board of Directors, defendant Hansard was responsible to manage the affairs of defendant Vannguard, including, but not limited to, making decisions concerning employee wages and payment of employee wages" as too conclusory to articulate the third prong, i.e. that individual defendant determined the rate and method of payment for employees); *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) (dismissing FLSA claim against President, CEO, and Director of defendant employer despite the allegations that the individual (1) actively managed the company; (2) made decisions regarding operations, human resources, benefits, and payroll; and (3) was involved in creating the illegal policies complained of in the lawsuit, because the plaintiff failed to adequately allege the requisite control over the workers in question).

Notably absent are any supporting facts or details about when, where, or how the Individual Defendants allegedly "had the power to control the operations and compensation practices at Buffalo Wild Wings," or "had power over the personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment." Similarly, although Plaintiffs state in conclusory fashion that the Individual Defendants were "actively involved in managing the day to day operations of Buffalo Wild Wings," Plaintiffs fail to provide any supporting details in this regard beyond formulaically restating some of the factors relevant to the economic realities test.[1] In

---

[1] The Complaint cites two exhibits which fail to provide any support for the allegations that the Individual Defendants have power over personnel decisions at Buffalo Wild Wings. Exhibit A is a transcript of George Banta Jr. from an unrelated litigation. In the referenced section of the transcript Mr. Banta Jr. states that he and his father were involved in a decision to promote an employee at a hotel owned and managed by the Banta family. Neither the employee nor the hotel are parties to this action, and as such the transcript, which describes a single personnel decision, provides no plausible support for the allegation that either Individual Defendant oversaw day to day

addition, Plaintiffs do not allege they were personally hired or fired by either of the Individual Defendants. Nor do they allege any direct contact with the Individual Defendants. *See Sampson*, 2012 WL 3027838, at *5 (claims dismissed where plaintiffs did not allege individual defendants ever had direct contact with them). Accordingly, Plaintiffs' boilerplate allegations are far too speculative and conclusory to plausibly state that the Individual Defendants operated as their "employers" under the FLSA or NYLL.

To the extent Plaintiffs contend that the Individual Defendants can be held liable under New York Corporation Law § 630 or New York Limited Liability Company Law § 609(c) as members of the Corporate Defendant corporations and LLCs, that argument has been rejected by other courts in the Southern District. *See Camara v. Kenner*, No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039, *20-21 (S.D.N.Y. March 28, 2018). Section 609(c) is triggered only after the employee has served the members with timely notice of the employee's intent to invoke section 609(c) liability and after "an execution unsatisfied against the limited liability company upon a judgment recovered against it for such services" has been returned. *Id*. The same is true of Section 630. *See Hanley v. Giordano's Rest., Inc.*, No. 94 Civ. 4696 (RPP),1995 U.S. Dist. LEXIS 10429, *5 (S.D.N.Y. Jul. 24, 1995). As is evident from the Complaint, the plaintiffs have satisfied neither precondition.

Finally, Plaintiffs have asserted a claim under New York Labor Law Article 6 §§ 195 (1) and (3) alleging that Plaintiffs and class members did not receive proper wage notices. Plaintiffs, however, only allege "a bare procedural violation, divorced from any concrete harm," and have not suffered the requisite injury-in-fact and thus, in accordance with *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), lack standing to sue under this statute. Moreover, Section 195(1) has been repealed, and was only in effect between April 9, 2011 and December 28, 2014. *See Valle v. Gordon Chen's Kitchen LLC*, 254 F. Supp. 3d 665, 675 (S.D.N.Y. 2017) (discussing the effective dates of Section 195). Consequently, it does not apply to employees who were hired before or after that time period. To the extent that Plaintiffs' sixth cause of action encompasses employees who were not hired during the effective dates of the statute, it must be dismissed. *Id*. (dismissing claims of employees hired before effective date of section 195).

---

operations or personnel decisions at the Buffalo Wild Wings locations at which the Plaintiffs worked. Exhibit B is a declaration from George Banta Jr. in the same unrelated litigation. In that declaration Mr. Banta Jr. describes the termination of an employee at a hotel owned and operated by the Banta family, but does not identify who was involved in the termination decision. As with Exhibit A, this declaration does not bolster Plaintiffs' allegations with regard to the Individual Defendants in any way.

Very truly yours,

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer