

**FITAPELLI & SCHAFFER**
—— ATTORNEYS AT LAW ——

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

August 20, 2018

**VIA ECF**
Hon. Nelson Stephen Roman, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   Re: *Imbarrato v. Banta Management, Inc. et al.* **No.: 18 Civ. 05422 (NSR)(JCM)**

Dear Judge Roman:

  We represent Plaintiffs and a putative and collective class of current and former Servers, Bussers, Bartenders, and other tipped workers who worked for Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, Banta BWW NB, LLC, George E. Banta, Sr., and George E. Banta, Jr. (collectively "Defendants" or "Buffalo Wild Wings"). Defendants' own and operate three Buffalo Wild Wing restaurants located at: 567 Rt. 211 E., Middletown, New York 10947; 1794 South Rd., Wappingers Falls, New York 12590; and 768 State Rte. 28, Oneonta, New York 13820. We write pursuant to Section 3(A) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in advance of Plaintiffs' anticipated motion for conditional certification and issuance of court authorized notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

  Plaintiffs allege that they, and a collective of similarly situated employees were underpaid by Defendants in violation of the FLSA. In particular, Plaintiffs allege that Defendants violated the FLSA by failing to pay Plaintiffs and similarly situated employees the appropriate minimum wage and overtime pay for all hours worked. Systematically, Defendants have instituted and enforced policies at their Buffalo Wild Wings restaurants that violate the FLSA. Such policies include: (1) requiring tipped workers to engage in non-tip producing duties that were related to their tip producing duties for more than 20 percent of their time at work and engage in non-tip producing duties that were not related to their tip producing duties; and (2) Defendants failed to satisfy the notice requirements under the FLSA that would allow them to pay a reduced minimum wage (take a "tip credit).

  Section 216(b) of the FLSA permits district courts to authorize notice of the litigation to employees who are shown to be "similarly situated" to the plaintiffs. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169-70 (1989); *Myers v. Hertz Corporation,* No. 08 Civ. 1037624 F.3d 537 (2d Cir. 2010). Courts in this district grant 216(b) Motions on behalf of hospitality employees. *Reyes v. City of Rye,* No. 13 Civ. 9051 (NSR), ECF No. 38 (S.D.N.Y. July 28, 2016), (Roman, J). At the initial stage of a lawsuit, before discovery has begun, courts apply a "lenient standard" to determine whether plaintiffs have met their "minimal" burden of showing that the similarly

situated requirement is met.[1] *Karic v. The Major Automotive Companies, Inc.*, No. 09 Civ. 5708 (ENV), 2011 WL 3235703 (E.D.N.Y. July 20, 2011); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009). As such, plaintiffs need only "'make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436, at *2 (S.D.N.Y. Jan. 20, 2015) (quoting Myers, 624 F.3d at 555); At the initial stage, plaintiffs can satisfy their minimal burden based on the pleadings and declarations alone. *See Cheng Xia Wang v. Shun Lee Palace Rest., Inc.*, No. 17 Civ. 00840 (VSB), 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018).

Moreover, courts have found employees who worked at separate locations operated by a common employer to be "similarly situated" for purposes of authorizing notice of the litigation. *See Flood*, 2015 WL 260436, at *4 (conditionally certifying a nationwide collective of 42,000 employees based in part on the 20% standard); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. September 20, 2013) (conditionally certifying a collective of employees at forty-seven restaurants nationwide based in part on the 20% standard); *Guttentag v. Ruby Tuesday, Inc.*, No. 12 Civ. 3041, 2013 WL 2602521, at *2 (S.D.N.Y. June 11, 2013) (granting nationwide certification based on plaintiffs' declarations and depositions covering eight store locations in four states, as well as other evidence of defendants' nationwide overtime policy, centralized staffing, and labor budget management system); *Capsolas, et al. v. Pasta Resources, Inc.*, 10 Civ. 5595 (RJH), 2011 WL 1770827 (S.D.N.Y. May 8, 2011) (authorizing notice to plaintiffs across eight restaurants that shared a common ownership, were supervised by the same individuals, and were administered by the same company).

Additionally, since the statute of limitations applicable to each putative collective member's FLSA claim continues to run until she "opts in" to the action by filing a written consent, the timing of notice is of great significance. *See, e.g., Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895 (ADS)(ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted."); *McGlone*, 867 F.Supp.2d at 445 (tolling statute of limitations while conditional certification motion was being decided). In fact, courts have specifically acknowledged that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011); *see, e.g., Jackson*, 298 F.R.D. at 171; *Kemper*, 2012 WL 4976122, at *3; *McGlone*, 867 F.Supp.2d at 445.

Here, Plaintiffs will show that Defendants subjected them and their similarly situated co-workers to the same unlawful compensation policies including a failure to pay the appropriate minimum wage rate for all hours worked and failure to pay premium overtime compensation when

---

[1] On August 2, 2018, Plaintiffs' Counsel emailed Defendants' Counsel inquiring as to whether Defendants would consent to issuance of 216(b) notice in an effort to "streamline the case and avoid unnecessary attorneys' fees on both sides." Defendants never responded to Plaintiffs' Counsel's email, making this request necessary.

they worked over forty hours per workweek. Moreover, given that nine individuals, including the named Plaintiffs have already opted-in to this action, Plaintiffs will have no problem making a modest factual showing that Defendants' violations of the FLSA were the result of systematic company-wide policies that equally affected Plaintiffs and potential opt-in plaintiffs. Courts in this Circuit routinely authorize notice where plaintiffs allege that they and similarly situated employees were victims of the same or very similar violations. *See, e.g., Vecchio v. Quest Diagnostics Inc.*, No. 16 Civ. 05165 (ER), 2018 WL 2021615, at *6 (S.D.N.Y. Apr. 30, 2018) (granting nationwide conditional certification where plaintiffs demonstrated "that examiners from across the country are subject to a nationwide policy that requires them to do work for which they are not compensated."); *Varghese v. JP Morgan Chase & Co.*, 2016 WL 4718413, at *8 (S.D.N.Y. Sept. 9, 2016) ("Courts routinely grant conditional certification to a national class where evidence is presented from multiple employees from multiple locations nationwide.") (emphasis added; quotation marks and alterations omitted) *In re Deloitte & Touche Overtime Litig.*, No. 11 Civ. 2461 (RMB), 2011 WL 6292923 (S.D.N.Y. Dec. 16, 2011) (conditionally certifying a national collective of employees where plaintiffs and the putative class members had the same job requirements, pay provisions, and where they were uniformly classified as exempt from the overtime provisions of the FLSA); *Aponte v. Comprehensive Health Management*, No. 10 Civ. 4825 (PKC), 2011 WL 2207586 (S.D.N.Y. June 2, 2011) (granting plaintiffs' motion for nationwide conditional certification where plaintiffs were able to demonstrate uniformity with respect to their primary job responsibilities); *Winfield v. Citibank, N.A.*, 10 Civ. 7304 (JGK), 2012 WL 423346 (S.D.N.Y. Feb. 9, 2012) (approving plaintiffs' motion for nationwide conditional certification for off-the-clock claims); *Bowens v. Atlantic Maintenance Corp.*, No. 06 Civ. 809 (NG)(CLP), 2008 WL 1827439, at *24 (E.D.N.Y. Apr. 23, 2008) (approving collective action certification and notice for off-the-clock claims).

Therefore, to further the FLSA's broad remedial goals, all individuals who worked at Defendants' three Buffalo Wild Wings restaurants in New York as Servers, Bussers, Bartenders, and other tipped workers from October 3, 2013 to the present should be notified of the lawsuit and presented with the opportunity to join this action to assert their FLSA claims as soon as practicable. As a result of the foregoing, we respectfully request that the Court schedule a pre-motion conference to discuss the issue of Plaintiffs' anticipated motion for conditional collective action certification and court authorized notice pursuant to FLSA § 216(b).

We thank the Court for its consideration of our request.

Respectfully yours,

Brian S. Schaffer

Cc: Jason Sultzer (via ECF).