

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

February 12, 2019

**VIA ECF**
Hon. Nelson Stephen Roman, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   *Re:* ***Imbarrato v. Banta Management Services, Inc. et al. No.: 18 Civ. 05422 (NSR)(JCM)***

Dear Judge Roman:

  We represent Plaintiffs in the above referenced matter. We write to follow up on Plaintiffs' Letter to the Court dated November 29, 2018 requesting a pre-motion conference in advance of Plaintiffs' anticipated motion for conditional certification pursuant to the Fair Labor Standards Act ("FLSA"). Dkt. No. 28. On January 3, 2019, the Court issued an order granting Defendants' request to move to dismiss parts of Plaintiffs' Complaint and dismissing without prejudice Plaintiffs' request to move for conditional certification. Dkt. No. 30.

  Since the issuance of the Court's Order, on February 4, 2019, Defendants served Plaintiffs with their motion to dismiss. Defendants' motion seeks to dismiss claims against the Individual Defendants George E. Banta Sr. and George E. Banta Jr. as well as to dismiss claims brought pursuant to the New York Labor Law ("NYLL") § 195 for Defendants' alleged failure to provide accurate wage statements and wage notices to Plaintiffs. Defendants' motion does not address Plaintiffs' claims for minimum wages or overtime under either the FLSA or NYLL, which represent a substantial portion of the pending litigation. In the event Defendants' motion was granted in its entirety, it would have no effect on the FLSA claims Plaintiffs seek to conditionally certify. Absent a tolling agreement between the parties, potential Plaintiffs face substantial prejudice by the delay of notice and the possibility that their claims will extinguish during the pendency of Defendants' motion. *See e.g., Hamadou v. Hess Corp.*, 915 F. Supp. 2d 651, 660 (S.D.N.Y. 2013) ("First, in order to participate in a collective action, an employee must 'opt-in,' meaning the employee must consent in writing to join the suit and that consent must be filed with the court. Second, the statute of limitations runs on each employee's claim until his individual Consent Form is filed with the court.") (citation omitted); *Whitehorn v. Wolfgang's Steakhouse, Inc.*, 767 F. Supp. 2d 445, 449 (S.D.N.Y. 2011) ("In a collective action suit such as this, the statute of limitations period continues to run with respect to each potential plaintiff's collective action claim until that plaintiff files the written consent form opting into the suit."). As such, Plaintiffs respectfully renew their request to move for conditional certification on Plaintiffs' FLSA minimum wage and overtime claims.

In the alternative, Plaintiffs respectfully request that, to avoid inequitable circumstances, the FLSA statute of limitations be tolled until such time that they are able to send notice to potential opt-in plaintiffs.[1] District courts in this and other Circuits have increasingly granted requests for equitable tolling to avoid the prejudice to actual or potential opt-in plaintiffs that can arise from the unique procedural posture of such cases. *See, e.g., Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Glatt v. Fox Searchlight Pictures Inc.*, No. 11 Civ. 6784 (WHP), 2013 WL 4834428, at *2 (S.D.N.Y. Aug. 26, 2013) (tolling statute of limitations as of the date the plaintiff was originally scheduled to file her motion for conditional certification); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895 (ADS)(ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted.").

Here, the circumstances of the instant matter warrant equitable tolling. On June 7, 2016, Plaintiffs sent Defendants a demand letter and draft complaint outlining potential claims against Defendants under the FLSA and NYLL. In an effort to engage in pre-litigation discussion, the parties executed a tolling agreement on August 1, 2016, preserving Servers, Bussers, Bartenders, and other tipped workers (collectively "tipped workers") claims under the FLSA and NYLL. Thereafter, the parties engaged in the informal exchange of documents and participated in a mediation on January 11, 2018. Unfortunately, the parties were unable to reach a resolution at the mediation. Ultimately Plaintiffs were forced to file their Complaint on June 15, 2018. *See* Dkt. No. 2.

The delay caused by this process and Defendants' instant motion warrants equitable tolling. Courts have acknowledged that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011); *see, e.g., Jackson*, 298 F.R.D. at 171; *Glatt*, 2013 WL 4834428, at *2; *Kemper*, 2012 WL 4976122, at *3; *McGlone*, 867 F.Supp.2d at 445; *Small v. University Medical Center of Southern Nevada*, No. 2:13 Civ. 298 (APG)(PAL), 2013 WL 3043454, at *3 (D. Nev. June 14, 2013); *Bergman v. Kindred Healthcare, Inc.*, 949 F. Supp. 2d 852, 861 (N.D. Ill. 2013). As such, Plaintiffs respectfully request that the Court equitably toll the claims of tipped workers who work or worked for Defendants at their three Buffalo Wild Wings restaurants located at 567 Rt. 211 E., Middletown, New York 10947; 1794 South Rd., Wappingers Falls, New York 12590; and 768 State Rte. 28, Oneonta, New York 13820 from September 26, 2013[2] to the present.

Moreover, Plaintiffs respectfully request that the Court schedule a Fed. R. Civ. P. 16 conference so that the parties can set up and begin the process of class wide discovery. Considering the scope of Defendants' motion, any outcome would have a limited effect on the discovery

---

[1] At the Court's request, Plaintiffs will provide the Court with a formal motion requesting equitable tolling.
[2] Plaintiffs September 26, 2013 date is the result of a pre-litigation tolling agreement entered into by the parties and attached hereto as Ex. A. The tolling agreement became effective on July 28, 2016. *Id.* ¶ 2. Tolling was terminated on April 16, 2018. As a result, tolling was effective for 627 days. Plaintiffs' Complaint was filed on June 15, 2018. Three years and 627 days from the filing of Plaintiffs' Complaint is September 26, 2013.

Fitapelli & Schaffer, LLP
February 12, 2019
Page **3** of **3**

process. Respectfully, beginning the discovery process would greatly advance the bulk of Plaintiffs' claims unrelated to Defendants' motion.

    We thank the Court for its time and attention to this matter.

Respectfully submitted,

*Brian Schaffer*

Brian S. Schaffer

Cc: All counsel of record (via ECF)

# EXHIBIT A

## TOLLING AGREEMENT

This Agreement is made by and between Banta Management Services, Inc., Banta BWW, MDT LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, Banta BWW NB, LLC, George E. Banta, Sr., George E. Banta, Jr., and their officers, agents, parent corporations, subsidiaries, joint employers and/or representatives (collectively "Buffalo Wild Wings" or "Defendants") and Plaintiffs. This agreement is for the benefit of Plaintiffs and "Potential Plaintiffs" as that term is defined. "Potential Plaintiffs" are those servers, bussers, bartenders and other "tipped workers" employed by Buffalo Wild Wings at locations operated by Defendants at Middletown, New York, Wappinger Falls, New York and Oneonta, New York between June 6, 2010 and the date this tolling agreement is ended by either party pursuant to the terms of this Agreement.

WHEREAS Plaintiffs and Potential Plaintiffs are or were employees of Buffalo Wild Wings and Plaintiffs have indicated their intent to file an action (the "Action") bringing claims on behalf of themselves and Potential Plaintiffs under the Fair Labor Standards Act, 29 U.S.C.§ 201 *et seq.* ("FLSA") and the New York Labor Law ("NYLL");

WHEREAS, without admitting any liability or likelihood of liability, counsel for Plaintiffs and Potential Plaintiffs and Buffalo Wild Wings agree that pre-litigation discussions of the proposed Action are warranted;

NOW THEREFORE, for good and sufficient consideration, the receipt of which is hereby acknowledged, Plaintiffs and Potential Plaintiffs and Buffalo Wild Wings hereby agree as follows:

1.     Tolling Provision. The statute of limitations on any claim brought by Plaintiffs in the Action under the FLSA or NYLL (as described above) shall be tolled during the period of time beginning on the Effective Date of this Agreement (defined below) and ending seven (7) days after either party gives notice of termination to the other as set forth below (hereinafter, the "Tolling Period"). Neither party shall put forward or rely upon the time passing within the Tolling Period as a bar by virtue of the statute of limitations or laches in the Action. Provided, however, nothing in this Agreement shall prohibit Buffalo Wild Wings from relying on the passage of time occurring outside of the Tolling Period for the purposes of asserting the statute of limitations or laches as defenses in the Action. This paragraph does not apply to claims made to enforce this Agreement. Nothing contained in this Agreement shall be deemed as an admission by any party with respect to any allegations or claims.

2.     Duration. The Effective Date of this Agreement is July 28, 2016, and this Agreement shall terminate seven (7) days after either party gives written notice of cancellation to the other.

1

3.  Use of Agreement. During the term of this Agreement, Plaintiffs and Potential Plaintiffs shall refrain and forebear from commencing, instituting, or prosecuting any lawsuit, arbitration, action, or other proceeding against Buffalo Wild Wings raising FLSA or NYLL claims. Furthermore, during the term of this Agreement, Buffalo Wild Wings shall advise counsel for Plaintiffs of any other pending litigation or contemplated litigation on behalf of one or more tipped workers of which Buffalo Wild Wings or its counsel is or becomes aware. Upon execution of this Agreement by the Parties, Plaintiffs' counsel shall disclose to Defendants' counsel the names of the individual plaintiffs who have agreed to be members of the putative class action and/or collective action. During the term of this Agreement, Plaintiffs' counsel agrees that it will not solicit additional employees or former employees of the Defendants to be members of the putative class action and/or collective action. During the term of this agreement, Defendants agree they will not discuss this matter with any putative Plaintiff.

4.  Modification. This Agreement can be modified only in a writing signed by the parties. This Agreement shall constitute the entire understanding between the parties concerning the subject matter of this Agreement and supersedes and replaces all prior negotiations, proposed agreements, and agreements, written or oral, relating to this subject.

5.  Successors. This Agreement shall bind and benefit each of the parties and their respective predecessors, successors, and assigns.

6.  Governing Law. This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of New York.

7.  Execution of Counterparts. Separate counterparts of this Agreement may be executed by the parties with the same force and effect as if all such parties had executed a single copy of this Agreement.

8.  Authority to Bind. Each Counsel executing this Agreement represents and warrants that he or she has been authorized to enter into this Agreement on behalf of the party on whose behalf it is signed and that signatory has full and complete authority to do so.

9.  Notices. Any notice, request, instructions or other document to be provided hereunder by either party to the other shall be in writing and delivered personally or mailed by certified mail, postage prepaid, return receipt requested (such personally delivered or mailed notice to be effective on the date actually received) or by electronic means as follows:

If to Plaintiffs and Potential Plaintiffs, address to:

2

1235721v.1

If to Plaintiffs and Potential Plaintiffs, address to:

Brian S. Schaffer
Fitapelli & Schaffer, LLP
28 Liberty Street
New York, New York 10005

If to Defendants, address to:

Benjamin F. Neidl
Wilson, Elser, Moskowitz,
Edelman & Dicker, LLP
677 Broadway
Albany, New York 12207

Nothwithstanding anything to the contrary in this Agreement, either party may alter the name and contact information to whom notice is to be sent under this section, by providing the other party with an updated name and contact information in writing.

Dated: June 6, 2016         Plaintiffs and Potential Plaintiffs

                            By: _____
                                Brian S. Schaffer

Dated: 8/1, 2016            Banta Management Services, Inc., Banta BWW,
                            MDT LLC, Banta Nine Mall, LLC, Banta BWW ON,
                            LLC, Banta BWW NB, LLC, George E. Banta, Sr.,
                            and George E. Banta, Jr.

                            By: _____

3

1233339v.1