UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK IMBARRATO and NICK PRIANO, individually on behalf of himself and all others similarly situated,<br><br><div align="center">Plaintiffs,</div><br><div align="center">-against-</div><br>BANTA MANAGEMENT SERVICES, INC., BANTA BWW MDT, LLC, BANTA NINE MALL, LLC, GEORGE BANTA, SR., and GEORGE BANTA, JR.,<br><br><div align="center">Defendants.</div> | Case No. 7:18-cv-05422 |

---

<div align="center">

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)**

</div>

---

**<u>TABLE OF CONTENTS</u>**

Table of Contents…………………………………………………………………......……i

Table of Authorities……………………………………………………………………ii-iii

  I.    Preliminary Statement………………………………………………..…………1

  II.    Relevant Factual Background……………………………………..……………2

  III.    Plaintiff's Claims Against the Individual Defendants Should Be
Dismissed With Prejudice ………………………………………………………...4

          A.  Legal Standard…………………………………………………………4

          B.  Plaintiffs Have Failed to Plausibly Plead that George Banta Jr.
or George Banta Sr. were His Employers Under the FLSA and NYLL…………..5

          C.  Plaintiffs Failed to Serve Timely Notice Under New York
Corporation Law §630 and New York Limited Liability Company
Law §609(c)…………………………………………………………......10

          D.  Plaintiffs' Wage Notice Claims Must be Dismissed……………………...11

  IV.    Conclusion……………………………………………………………….…12

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
     556 U.S. 662 (2009)................................................................................................4, 5

*Bell Atlantic v. Twombly*,
     550 U.S. 544 (2007)................................................................................................4, 5

*Bravo v. Established Burger One LLC*,
     No. 12-civ-9044(CM), 2013 U.S. Dist. LEXIS 146237 (S.D.N.Y. Oct. 8,
     2013) ...........................................................................................................................6

*Camara v. Kenner*,
     No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039 (S.D.N.Y. March 28,
     2018) .........................................................................................................................10

*Carter v. Dutchess Cmty. College*,
     735 F.2d 8 (2d Cir. 1984)...........................................................................................6

*Coffin v. MRI Enters.*,
     No. 11-civ-2453(DRH)(ARL), 2014 U.S. Dist. LEXIS 149229 (E.D.N.Y. Oct.
     21, 2014) ................................................................................1, 3, 4, 5, 6, 7, 9, 11

*Coley v. Vannguard Urban Imp. Ass'n Inc.*,
     No. 12-civ-5565(PKC), 2014 U.S. Dist. LEXIS 135608 (E.D.N.Y. Sept. 24,
     2010) .......................................................................................................................6, 7

*Gisomme v. HealthEx Corp.*,
     No. 13-civ-2541(LDW), 2014 U.S. Dist. LEXIS 67588 (E.D.N.Y. May 15,
     2014) ...........................................................................................................................7

*Hanley v. Giordano's Rest., Inc.*,
     No. 94 Civ. 4696 (RPP),1995 U.S. Dist. LEXIS 10429 (S.D.N.Y. Jul. 24,
     1995) .........................................................................................................................10

*Harris v. Mills*,
     572 F.3d 66 (2d Cir. 2009)......................................................................................4, 5

*Herman v. RSR Sec. Servs. Ltd.*,
     172 F.3d 132 (2d Cir. 1999).....................................................................................5, 6

*Irizarry v. Catsimatidis*,
     722 F.3d 99 (2d Cir. 2013).........................................................................................6

*Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*,
631 F.3d 57 (2d Cir. 2011)..................................................................................5

*Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*,
No. 11-civ-6658 (PAC), 2012 U.S. Dist. LEXIS 127824 (S.D.N.Y. Sept. 6,
2012) ........................................................................................................................6

*In re NYSE Specialists Sec. Litig.*,
503 F. 3d 89 (2d Cir. 2007)...............................................................................5

*Ruston v. Town Bd. for the Town of Skaneateles*,
610 F.3d 55 (2d Cir. 2010).................................................................................5

*Sampson v. MediSys Health Network*,
No. 10-Civ- 1342(SJF)(ARL), 2012 U.S. Dist. LEXIS 103052 (E.D.N.Y. Feb.
9, 2012) ...............................................................................................................6, 8

*Spokeo, Inc. v. Robins*,
136 S. Ct. 1540 (2016) .................................................................................1, 11

*Tracy v.NVR, Inc.*,
667 F. Supp. 2d 244 (W.D.N.Y. 2009) ............................................................6

*United States v. Bonanno Organized Crime Family of La Casa Nostra*,
879 F.2d 20 (2d Cir. 1989)................................................................................5

*Wolman v. Catholic Health Sys. of Long Island*,
853 F. Supp. 2d 290 (E.D.N.Y. 2012) ............................................................7

**Statutes**

Fair Labor Standards Act (FLSA)........................................1, 2, 3, 4, 5, 6, 7, 9, 10

N.Y. Lab. Law § 195(1)(a) ....................................................................................12

New York Corporation Law §630 ....................................................................10, 11

New York Labor Law .............................................................................................1, 2

New York Limited Liability Company Law § 609(c) ......................................10, 11

Rule 12(b)(6).........................................................................................................1, 5

## I.    PRELIMINARY STATEMENT

Plaintiffs Patrick Imbarrato and Nick Priano allege violations of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").  Plaintiffs have failed to plead a single viable claim against Defendants George Banta Sr. and George Banta Jr. (the "Individual Defendants") in connection with their alleged roles as president and owner of Buffalo Wild Wings, and vice president of Banta Management Services, Inc., respectively.[1]  Indeed, plaintiffs' wage and hour claims are based exclusively upon a threadbare and conclusory recital of some of the "economic reality" test factors, which is insufficient to plausibly state that the Individual Defendants operated as "employers" under those statutes.

Additionally, Plaintiffs' claims under NYLL Article 6, Section 195(1) and (3) should be dismissed in their entirety because Plaintiffs have failed to allege a concrete and particularized injury as is necessary pursuant to *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016).  Thus, Plaintiffs lack Article III standing.  Further, Plaintiffs' NYLL Article 6, Section 195(1) claim must be dismissed insofar as it encompasses members of the purported class who were employed by Defendants after the annual wage form requirement was repealed in 2014.

For these reasons, and those set forth below, Defendant's George Banta Sr. and George Banta Jr. move, pursuant to Rule 12(b)(6), to dismiss all claims asserted against them in Plaintiff's Class Action Complaint (the "Complaint"), and Defendants move, pursuant to Rule 12(b)(6), to dismiss Plaintiffs' claims under NYLL Article 6, Section 195(1) and (3) (i.e. Plaintiffs' sixth and eight causes of action).

---

[1] Buffalo Wild Wings is a sports bar and restaurant franchise.  The Complaint alleges that Defendants George Banta Jr. and George Banta Sr. own and operate three Buffalo Wild Wings restaurants through Banta Management Services, Inc. and its subsidiaries, Banta MDT, LLC, Banta Nine Mall, LLC, and Banta BWW ON, LLC, and Banta BWW NB, LLC. (Compl. ¶¶ 81-109).

## II.     RELEVANT FACTUAL BACKGROUND

Banta Management Services, Inc. ("Banta Management") is a real estate development and management company specializing in lodging and dining properties.   Buffalo Wild Wings ("BWW") is a casual dining restaurant and sports bar franchise with approximately 600 locations throughout the United States.  Banta Management owns and operates three Buffalo Wild Wings franchises in New York, one in Middletown (Banta BWW MDT, LLC), one in Wappingers Falls, (Banta BWW Nine Mall, LLC) and one in Oneonta (Banta BWW ON, LLC). (Compl. ¶ 3).

The Complaint is brought on behalf of Patrick Imbarrato ("Imbarrato") and Nick Priano ("Priano"), former servers at the Buffalo Wild wings location in Middletown.  It alleges that Defendants Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC (the "Corporate Defendants") owned and operated the three Buffalo Wild Wing locations during the relevant time period and that they failed to pay tipped workers at the full minimum wage rate, while requiring them to perform non-tip producing work.  Based on these allegations, Plaintiffs assert causes of action under the FLSA and New York Labor Law.

Plaintiffs attempt to impute these alleged violations to Individual Defendants George Banta Sr. and George Banta Jr., who are, according to the Complaint, the owner and founder of Buffalo Wild Wings, and vice president of Banta Management Services, Inc., respectively (Compl. ¶¶ 86, 100) by alleging they were "actively involved in managing the day to day operations of Buffalo Wild Wings" (Compl. ¶¶ 93, 103) and "had the power to control the operations and compensation practices at Buffalo Wild Wings." (Compl. ¶ 84).  The allegations related to the Individual Defendants are set forth (in their entirety) below:

Individual Defendants
81. George E. Banta, Sr., and George E. Banta, Jr., ("Individual Defendants"),
maintained control over, oversaw, and directed the operation of Buffalo Wild Wings, including

its employment practices, during the relevant period.

82. Upon information and belief, the Individual Defendants manage and/or operate Buffalo Wild Wings.

83. During all times relevant, the Individual Defendants were "employers" under the FLSA and NYLL, and employed or jointly employed Plaintiffs and similarly situated employees.

84. Upon information and belief, throughout the relevant period, the Individual Defendants have had the power to control the operations and compensation practices at Buffalo Wild Wings.

**George E. Banta, Sr.**

85. Upon information and belief, George E. Banta, Sr. is a resident of the State of New York.

86. At all relevant times, George E. Banta, Sr. has been the founder and owner of Buffalo Wild Wings.

87. George E. Banta, Sr. is identified as a principal on the liquor license for BWW MDT, Nine Mall, and BWW ON.

88. George E. Banta, Sr. is identified as the CEO of Banta Management on the Corporate Filing with the NYS Department of State.

89. George E. Banta, Sr. has an office at 842 Main Street, Poughkeepsie, New York

90. George E. Banta, Sr. has an ownership interest in Banta Management.

91. At all relevant times, George E. Banta, Sr. has had power over personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

92. At all relevant time, George E. Banta, Sr. has had power over payroll decisions at Buffalo Wild Wings, including the power to retain time and/or wage records.

93. At all relevant times, George E. Banta, Sr. is actively involved in managing the day to day operations of Buffalo Wild Wings.

94. At all times relevant, George E. Banta, Sr. has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.

95. At all relevant times, George E. Banta, Sr. has had the power to transfer the assets and/or liabilities of Buffalo Wild Wings.

96. At all relevant times, George E. Banta, Sr. has had the power to enter into contracts on behalf of Buffalo Wild Wings.

97. At all relevant time, George E. Banta, Sr. has had the power to close, shut down, and/or sell Buffalo Wild Wings restaurants.

98. George E. Banta, Sr. is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

**George E. Banta, Jr.**

99. Upon information and belief, Defendant George E. Banta, Jr. is a resident of the State of New York.

100. George E. Banta, Jr. has identified himself as the Vice President of Banta Management.

101. At all relevant times, George E. Banta, Jr. has had power over personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.10

102. At all relevant time, George E. Banta, Jr. has had power over payroll decisions at Buffalo Wild Wings, including the power to retain time and/or wage records.

103. At all relevant times, George E. Banta, Jr. is actively involved in managing the day to day operations of Buffalo Wild Wings.

104. George E. Banta, Jr. has testified that he "own[s] and operate[s] restaurants and hotels."

105. At all times relevant, George E. Banta, Jr. has also had the power to stop any illegal pay practices that harmed Plaintiffs and similarly situated employees.
106. At all relevant times, George E. Banta, Jr. has had the power to transfer the assets and/or liabilities of Buffalo Wild Wings.
107. At all relevant times, George E. Banta, Jr. has had the power to enter into contracts on behalf of Buffalo Wild Wings.
108. At all relevant time, George E. Banta, Jr. has had the power to close, shut down, and/or sell Buffalo Wild Wings dealerships.
109. George E. Banta, Jr. is a covered employer within the meaning of the FLSA and NYLL, and at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

Exhibit A to the Complaint is a transcript of George Banta Jr. from an unrelated litigation.  In the referenced section of the transcript Mr. Banta Jr. states that he and his father were involved in a decision to promote an employee at a hotel owned and managed by the Banta family.  (Compl. Ex. A at 12:14-20).  Neither the employee nor the hotel are parties to this action.  Exhibit B to the Complaint is a declaration of George Banta Jr. from the same unrelated litigation.   In that declaration, Mr. Banta Jr. describes the termination of an employee at a hotel owned and operated by the Banta family, but does not identify who was involved in the termination decision.  (Compl. Ex. B).

## III.   PLAINTIFFS' CLAIMS AGAINST THE INDIVIDUAL DEFENDANTS SHOULD BE DISMISSED WITH PREJUDICE

### A.  Legal Standard

A Complaint is subject to dismissal unless it contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)); see also *Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009) (applying *Iqbal/Twombly* standard). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (2007)).  Rather, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption

that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. This "plausibility standard" requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. A complaint must contain "more than the unadorned, the defendant-unlawfully-harmed-me accusation." *Matson v. Bd. of Educ. of the City Sch. Dist. of N.Y.*, 631 F.3d 57, 63 (2d Cir. 2011) (internal quotation marks and citations omitted).

In deciding a Rule 12(b)(6) motion, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Id.*; *see also Ruston v. Town Bd. for the Town of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.") (*quoting Ashcroft*, 556 U.S. at 679). The same is not true, however, of the legal conclusions derived from those factual allegations. *See Iqbal*, 556 U.S. at 678; *In re NYSE Specialists Sec. Litig.*, 503 F. 3d 89, 95 (2d Cir. 2007) (a court need not accept as true "legal conclusions, deductions or opinions couched as factual allegations.") (quoting *United States v. Bonanno Organized Crime Family of La Casa Nostra*, 879 F.2d 20, 27 (2d Cir. 1989) (internal quotation marks omitted)). In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Harris*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678). As set forth below, Plaintiffs have failed to meet the *Iqbal*/*Twombly* pleading standard.

### B.   Plaintiffs Have Failed to Plausibly Plead that George Banta Jr. or George Banta Sr. were His Employers Under the FLSA and NYLL

A plaintiff may only bring suit against an individual under the FLSA or NYLL where the individual is an "employer" under those statutes. *See Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (FLSA); *Coffin v. MRI Enters.*, No. 11-civ-2453(DRH)(ARL), 2014 U.S. Dist. LEXIS 149229, at *6-7 (E.D.N.Y. Oct. 21, 2014) (NYLL). "District courts in this Circuit

have interpreted the definition of 'employer' under the [NYLL] coextensively with the definition used by the FLSA." *Coley v. Vannguard Urban Imp. Ass'n Inc.*, No. 12-civ-5565(PKC), 2014 U.S. Dist. LEXIS 135608, at *7 n.5 (E.D.N.Y. Sept. 24, 2010).

In making this determination, courts evaluate whether the alleged employer possessed the power to control the workers in question. *See Herman*, 172 F.3d at 139. Relevant factors include: "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Id*. at 105 (citing *Carter v. Dutchess Cmty. College*, 735 F.2d 8, 12 (2d Cir. 1984)). Courts also examine whether alleged individual employers possess operational control over the company's employment of the plaintiff. *See Irizarry v. Catsimatidis*, 722 F.3d 99, 109 (2d Cir. 2013).

To survive a motion to dismiss, a plaintiff must allege more than "mere boilerplate allegations that an individual meets the various prongs of the economic reality test." *Bravo v. Established Burger One LLC*, No. 12-civ-9044(CM), 2013 U.S. Dist. LEXIS 146237, at *18 (S.D.N.Y. Oct. 8, 2013) (granting motion to dismiss individual defendants). Indeed, courts within the Second Circuit routinely dismiss FLSA and NYLL claims against individuals when they are only based upon "conclusory allegations designed to satisfy th[e] economic reality test." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, No. 11-civ-6658 (PAC), 2012 U.S. Dist. LEXIS 127824, at *34 (S.D.N.Y. Sept. 6, 2012) (quoting *Sampson v. MediSys Health Network*, No. 10-Civ- 1342(SJF)(ARL), 2012 U.S. Dist. LEXIS 103052, at *11 (E.D.N.Y. Feb. 9, 2012)); *see also Tracy v.NVR, Inc.*, 667 F. Supp. 2d 244, 246–47 (W.D.N.Y. 2009) (dismissing claims and denying leave to amend where amended complaint contained only boilerplate allegations reciting prongs of the economic reality test, with no supporting details other than defendant's job title);

6

*Gisomme v. HealthEx Corp.*, No. 13-civ-2541(LDW), 2014 U.S. Dist. LEXIS 67588, at *10 (E.D.N.Y. May 15, 2014) (recognizing that the conclusory allegations that an individual defendant "was 'actively involved' in day-to-day operations, exercising significant managerial control over their operations, policies, practices, and procedures" with the power to "hire and terminate employees, control work scheduled and conditions of employment, and set wages" were inadequate to demonstrate that he was an employer within the meaning of the FLSA); *Coley*, 2014 U.S. Dist. LEXIS 135608, at *14 (holding allegation that "[a]s a member of the Board of Directors, defendant Hansard was responsible to manage the affairs of defendant Vannguard, including, but not limited to, making decisions concerning employee wages and payment of employee wages" as too conclusory to articulate the third prong, i.e. that individual defendant determined the rate and method of payment for employees); *Wolman v. Catholic Health Sys. of Long Island*, 853 F. Supp. 2d 290, 299 (E.D.N.Y. 2012) (dismissing FLSA claim against President, CEO, and Director of defendant employer despite the allegations that the individual (1) actively managed the company; (2) made decisions regarding operations, human resources, benefits, and payroll; and (3) was involved in creating the illegal policies complained of in the lawsuit, because the plaintiff failed to adequately allege the requisite control over the workers in question).

As in the cases above, Plaintiff bases his FLSA and NYLL claims against the Individual Defendants on nothing more than a formulaic recitation of some (but not all) of the economic reality test factors, without ***any*** supporting facts or details.

With regard to George Banta, Sr., Plaintiff merely states that: At all relevant times, George E. Banta, Sr. has had power over personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. (Compl. ¶ 91); At all relevant time, George E. Banta, Sr. has

had power over payroll decisions at Buffalo Wild Wings, including the power to retain time and/or wage records. (Compl. ¶ 92); At all relevant times, George E. Banta, Sr. is actively involved in managing the day to day operations of Buffalo Wild Wings. (Compl. ¶ 93).

With regard to George Banta Sr., Plaintiff merely states that:  At all relevant times, George E. Banta, Jr. has had power over personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment. (Compl. ¶ 101); At all relevant time, George E. Banta, Jr. has had power over payroll decisions at Buffalo Wild Wings, including the power to retain time and/or wage records. (Compl. ¶ 102); At all relevant times, George E. Banta, Jr. is actively involved in managing the day to day operations of Buffalo Wild Wings. (Compl. ¶¶ 103).

Notably absent from these allegations are any supporting facts or details about when, where, or how the Individual Defendants allegedly "had the power to control the operations and compensation practices at Buffalo Wild Wings," or "had power over the personnel decisions at Buffalo Wild Wings, including the power to hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment."

Similarly, although Plaintiffs state in conclusory fashion that the Individual Defendants were "actively involved in managing the day to day operations of Buffalo Wild Wings," Plaintiffs fail to provide any supporting details in this regard beyond formulaically restating some of the factors relevant to the economic realities test.  In addition, Plaintiffs do not allege they were personally hired or fired by either of the Individual Defendants.  Nor do they allege any direct contact with the Individual Defendants. *See Sampson*, 2012 U.S. Dist. LEXIS 103052, at *14 (claims dismissed where plaintiffs did not allege individual defendants ever had direct contact with them). Accordingly, Plaintiffs' boilerplate allegations are far too speculative and

conclusory to plausibly state that the Individual Defendants operated as their "employers" under the FLSA or NYLL.

The only support the Plaintiffs attempt to provide for their allegations that the Individual Defendants had power and control over personnel decisions at Buffalo Wild Wings comes from two exhibits which arise from an unrelated litigation and neither of which has anything to do with the role of the Individual Defendants at Buffalo Wild Wings.  Exhibit A is a transcript of George Banta Jr.  In the referenced section of the transcript Mr. Banta Jr. states that he and his father were involved in a decision to promote an employee at a hotel owned and managed by the Banta family. (Compl. Ex. A at 12:14-20).  Neither the employee nor the hotel are parties to this action, and as such the transcript, which describes a single personnel decision, provides no plausible support for the allegation that either Individual Defendant oversaw day to day operations or personnel decisions at the Buffalo Wild Wings locations at which the Plaintiffs worked.  Exhibit B is a declaration from George Banta Jr. in the same unrelated litigation.  In that declaration Mr. Banta Jr. describes the termination of an employee at a hotel owned and operated by the Banta family, but does not identify who was involved in the termination decision.  (Compl. Ex. B).  As with Exhibit A, this declaration does not bolster Plaintiffs' allegations with regard to the Individual Defendants in any way.

In sum, because the allegations against the Individual Defendants are insufficient to state plausibly that they had operational control over Plaintiffs as a matter of economic reality, the FLSA and NYLL claims asserted against the Individual Defendants should be dismissed.

C.     **Plaintiffs Failed to Serve Timely Notice Under New York Corporation Law §630 and New York Limited Liability Company Law § 609(c)**

To the extent Plaintiffs contend the Individual Defendants can be held liable under New York Corporation Law § 630 or New York Limited Liability Company Law § 609(c) as members of the Corporate Defendant corporations and LLCs, that argument has been rejected by other courts in the Southern District.  *See Camara v. Kenner*, No. 16-cv-7078 (JGK), 2018 U.S. Dist. LEXIS 54039, *20-21 (S.D.N.Y. March 28, 2018).  N.Y. Bus. Corp. Law § 630 renders a non-public corporation's ten largest shareholders personally liable for certain employment claims. *See* N.Y. Bus. Corp. Law § 630.  Similarly, New York Limited Liability Company Law § 609(c) provides that the limited liability company members with the ten largest ownership stakes can be held personally liable, jointly and severally, for "all debts, wages or salaries due and owing to any of its laborers, servants or employees, for services performed by them for such limited liability company." N.Y. Ltd. Liab. Co. Law § 609(c).  Section 609(c), however, is triggered only after the employee has served the members with timely notice of the employee's intent to invoke section 609(c) liability and after "an execution unsatisfied against the limited liability company upon a judgment recovered against it for such services" has been returned. *Camara, supra* ((dismissing individually named defendants in an FLSA case because plaintiff had not complied with the preconditions for invoking section 609(c)).  The same is true of Section 630.  *See Hanley v. Giordano's Rest., Inc*., No. 94 Civ. 4696 (RPP),1995 U.S. Dist. LEXIS 10429, *5 (S.D.N.Y. Jul. 24, 1995) (dismissing plaintiff's section 630 claim because plaintiff failed to show evidence of personal service of the required notice).  Nowhere in the Complaint do the Plaintiffs plead that they satisfied either precondition.  As such, they cannot

rely on N.Y. Bus. Corp. Law § 630 or N.Y. Ltd. Liab. Co. Law § 609(c) as an alternative means of holding the Individual Defendants liable for the alleged violations of the corporate defendants.

### D.      Plaintiffs' Wage Notice Claims Must be Dismissed

Plaintiffs' sixth[2] and eighth causes of action bring claims alleging that Defendants failed to provide annual wage notices and accurate wage statements.  (Compl. ¶¶ 170-175).  But, Plaintiffs have failed to allege that they suffered the requisite injury-in-fact and thus, in accordance with *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540 (2016), they lack Article III standing to sue.  As the Supreme Court recently explained in *Spokeo*, "Article III standing requires a concrete injury even in the context of a statutory violation," and thus a plaintiff may not "allege a bare procedural violation, divorced from any concrete harm, and satisfy the injury-in-fact requirement." *Id*. at 1549.  The *Spokeo* Court expressly rejected the argument that a mere procedural violation rises to the level of a concrete harm and, critically, noted that a violation of a statute's "procedural requirements may result in no harm." *Id*.   Here, Plaintiffs allege only that they did not receive annual wage notices or accurate wage statements, but do not point to any harm they suffered as a result.  This allegation thus describes merely a "bare procedural violation," and, as in *Spokeo*, Plaintiffs have failed to allege a concrete injury and lack Article III standing.

Independent of Plaintiffs' lack of standing, portions of Plaintiffs' claims under NYLL Article 6 § 195 (1) must be dismissed because the referenced requirements are no longer in effect.   Specifically, Plaintiffs' sixth cause of action alleges that Defendant's failed to furnish proper annual wage notices "at the time of hiring, and on or before February first of each

---

[2] Plaintiff's Complaint contains two claims which are referred to as the "Sixth cause of Action."  Defendant is moving to dismiss the second of these claims, "Failure to Provide Proper Annual Wage Notices."

subsequent year." (Compl. ¶ 171).).  Plaintiffs' class definition includes employees who worked

at the Buffalo Wild Wings restaurants "between October 3, 2010 and the date of final judgment

in this matter." (Compl. ¶ 118).   However, N.Y. Lab. Law § 195(1)(a) did not take effect until

April 9, 2011.  And, by a 2014 amendment (which became effective in 2015), the requirement

that employers provide employees with annual wage notices on February first of each year was

repealed (though the requirement that employers provide wage notices upon hiring remained).

Consequently, insofar as Plaintiffs' sixth cause of action encompasses employees who were

hired prior to April 9, 2011 or alleges a failure to provide annual wage notices after 2015, it must

be dismissed.

## IV.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court issue an

Order dismissing all claims asserted against George Banta Jr. and George Banta Sr., as well as

Plaintiffs' sixth and eight causes of action, and granting such other further relief as it deems just

and proper.

Respectfully submitted,

Dated: February 4, 2019
Poughkeepsie, New York

_/s/_ Jason P. Sultzer
Jason P. Sultzer
THE SULTZER LAW GROUP, P.C.
85 Civic Center Plaza, Suite 200
Poughkeepsie, New York 12601
(845) 483-7100

_Attorneys for Defendants_