IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK IMBARRATO and NICK PRAINO, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>-against-<br><br>BANTA MANAGEMENT SERVICES, INC., BANTA BWW MDT, LLC, BANTA NINE MALL, LLC, BANTA BWW ON, LLC, BANTA BWW NB, LLC, GEORGE E. BANTA, SR., and GEORGE E. BANTA, JR.,<br><br>Defendants. | No.: 18 Civ. 05422 (NSR) |

## MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

**WERMAN SALAS P.C.**
Douglas M. Werman,
Admitted *pro hac vice*
77 W. Washington St. Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES --------------------------------------------------------------------------- iii

FACTUAL ALLEGATIONS --------------------------------------------------------------------------- 1

LEGAL STANDARD ----------------------------------------------------------------------------------- 2

ARGUMENT --------------------------------------------------------------------------------------------- 3

    I.   THE INDIVIDUAL DEFENDANTS SHOULD NOT BE DISMISSED FROM THE COMPLAINT -------------------------------------------------------------------------------------- 3

        A.  Plaintiffs' Allegations Are More Than Sufficient to Establish Individual Liability ------ 3

        B.  Defendants' Cases Are Easily Distinguishable ----------------------------------------------- 7

    II.  PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR VIOLATIONS OF NYLL § 195 ------------------------------------------------------------------------------------------- 9

        A.  Plaintiffs Have Standing to Bring Claims Pursuant to the NYLL § 195 ------------------ 9

        B.  Defendants' Argument that Section 195(1) Has Been Repealed is Erroneous ----------- 12

CONCLUSION ------------------------------------------------------------------------------------------- 14

# TABLE OF AUTHORITIES

**CASE LAW**

*Adonias v. Al Horno Lean Mexican Kitchen Inc.*, No. 16 Civ. 07266 (LTS)(KHP),
   2018 WL 4007643 (S.D.N.Y. Aug. 22, 2018) ------------------------------------------------13

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ---------------------------------------------------------------------------- 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ---------------------------------------------------------------------------- 2

*Bellino v. JPMorgan Chase Bank, N.A.*,
   609 F. Supp. 3d 601 (S.D.N.Y. 2016) ------------------------------------------------------14

*Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM),
   2013 WL 5549495 (S.D.N.Y. Oct. 8, 2013) --------------------------------------------- 7, 8

*Cabrera v. 1560 Chirp Corp.*, No. 15 Civ 8194,
   2017 WL 1289349 (S.D.N.Y. Mar. 6, 2017) ----------------------------------------------12

*Carter v. Dutchess Community College*,
   735 F.2d 8 (2d Cir.1984) --------------------------------------------------------------------- 4

*Chimbay v. Pizza Plus at Staten Island Ferry, Inc.*, No. 15 Civ. 2000 (RLE),
   2016 WL 1064611 (S.D.N.Y. Mar. 14, 2016) --------------------------------------------- 2

*Coffin v. MRI Enterprises, Inc.*, No. 11 Civ. 2453 (DRH)(ARL),
   2014 WL 5363855 (E.D.N.Y. Oct. 21, 2014) ---------------------------------------------- 7

*Cohen v. Ditech Financial, LLC*,
   342 F. Supp. 3d 460 (S.D.N.Y. 2018) ------------------------------------------------------11

*Cohen v. Gerson Lehrman Grp., Inc.*,
   686 F. Supp. 2d 317 (S.D.N.Y. 2010) ------------------------------------------------------14

*Coley v. Vanguard Urban Imp. Ass'n Inc.*, No. 12 Civ 5565 (PKC),
   2014 WL 479825 (E.D.N.Y. 2014) ---------------------------------------------------------- 8

*Dura Pharm., Inc. v. Broudo*,
   544 U.S. 336 (2005) ---------------------------------------------------------------------------- 2

*Farmer v. Dr. Lucia Patino, Optometrist, P.C.*, No. 18 Civ. 01435(AMD)(LB),
   2019 WL 110956 (E.D.N.Y. Jan. 4, 2019)--------------------------------------------------12

*Flood v. Carlson Rests. Inc.*,
   94 F. Supp. 3d 572 (S.D.N.Y. 2015) ............................................................................... 2

*Garcia v. Pawar Bros Corp.*, No. 18 Civ. 2656 (BMC),
   2018 WL 4100482 (E.D.N.Y. Aug. 28, 2018) ................................................................ 13

*Hayden v. Cnty. of Nassau*,
   180 F.3d 42 (2d Cir.1999) ................................................................................................ 14

*Herman v. RSR Sec. Services Ltd.*,
   172 F.3d 132 (2d Cir. 1999) .............................................................................................. 4

*Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE),
   2016 WL 3248493 (S.D.N.Y. June 9, 2016) ................................................................... 3

*Hicks v. T.L. Cannon Management Corp.*, No 13 Civ. 06455 (EAW),
   2018 WL 2440732 (W.D.N.Y. Mar. 13, 2018) ........................................................ 10, 11

*Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG),
   2009 WL 1269250 (S.D.N.Y. May 4, 2009) ................................................................... 14

*Irizarry v. Catsimatidis*,
   722 F.3d 99 (2d Cir. 2013) ............................................................................................ 4, 5

*Luna v. Gon Way Construction, Inc.*, No. 16 Civ. 1411,
   2017 WL 835321 (E.D.N.Y. Feb. 14, 2017) ................................................................... 13

*Manhala A. Church v. Accretive Health, Inc.*,
   654 Fed. Appx. 990 (11th Cir. 2016) .............................................................................. 11

*Marasco v. American Expediting Co., Inc.*, No. 16 Civ. 232 (PKC)(JO),
   2018 WL 2074154 (E.D.N.Y. Jan. 12, 2018) ........................................................ 6, 8, 10

*Marin v. Apple-Metro, Inc.*, No. 12 Civ. 5274 (ENV)(CLP),
   2017 WL 4950009, at *16 (E.D.N.Y. Oct. 4, 2017) ..................................................... 13

*Mendoza v. Little Luke, Inc.*, No. 14 Civ. 3416 (JS)(GRB),
   2015 WL 998215 (E.D.N.Y. March 6, 2015) .................................................................. 6

*Morales v. Rochdale Village Inc.*, No. 15 Civ. 502 (RJD)(RML),
   2015 WL 6442590 (E.D.N.Y. Oct. 23, 2015) .................................................................. 9

*Papetti v. Does 1-25*,
   691 Fed. Appx. 24 (2nd Cir. 2017) ................................................................................. 11

*Penn v. New York Methodist Hosp.*, No. 11 Civ. 9137 (NSR),
   2013 WL 5477600 (Sept. 30, 2013) (Roman, J) ............................................................. 2

*Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091 (ER),
    2013 WL 749497 (S.D.N.Y. Feb. 28, 2013) ............................................................. 7

*Piedra v. Ecua Restaurant*, No. 17 Civ 3316 (PKC) (CLP),
    2018 WL 1136039 (E.D.N.Y. Jan. 13, 2018) ........................................................... 13

*Ramirez v. Riverbay Corp.*,
    35 F. Supp.513 (S.D.N.Y. 2014) ............................................................................... 7

*Rodriguez v. Ridge Pizza Inc.*, No. 16 Civ. 00254 (DRH)(AKT),
    2018 WL 1335358 (E.D.N.Y. Mar. 15, 2018) ......................................................... 12

*Salomon v. Adderley Industries*,
    960 F. Supp. 2d 502 (S.D.N.Y. 2013) ........................................................................ 6

*Schweizer v. Trans Union Corp.*,
    136 F.3d 233 (2d Cir.1998) ..................................................................................... 14

*Sidney Frank Importing Co., Inc. v. Beam Inc.*,
    998 F. Supp 2d 193 (S.D.N.Y. 2014) ......................................................................... 2

*Sierra Club v. Con-Strux LLC*,
    911 F.3d 85 (2nd Cir. 2018) ....................................................................................... 2

*Spokeo v. Robins*,
    136 S. Ct. 1540 (2016) ............................................................................................ 10

*Strubel v. Comenity Bank*,
    842 F.3d 181 (2d Cir. 2016) .................................................................................... 11

*Tracy v. NVR, Inc.*,
    667 F. Supp. 2d 244 (W.D.N.Y. Nov. 5, 2009) ......................................................... 8

*Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*,
    843 F.3d 561 (2nd Cir. 2016) .................................................................................... 2

*Villager Pond, Inc. v. Town of Darien*,
    56 F.3d 375 (2d Cir. 1995) ........................................................................................ 3

*Winfield v. Babylon Beauty School of Smithtown, Inc.*,
    89 F. Supp 3d. 556 (E.D.N.Y. 2015) ......................................................................... 6

*Wolman v. Catholic Health System of Long Island*,
    853 F. Supp. 2d 290 (E.D.N.Y. 2012) .................................................................... 8, 9

*Yu Ling Shen v. Xue Mei Chen*, No. 17 Civ. 1556 (PAE),
  2018 WL 2122819 (S.D.N.Y. May 8, 2018) ............................................................. 4

**STATUTES**

29 U.S.C. § 203(d) ............................................................................................................. 3

Fed. R. Civ. P. 15(a)(2) ................................................................................................... 14

Fed. R. Civ. P. 8(a)(2) ....................................................................................................... 2

2014 N.Y. Laws ch. 537 § 1 ........................................................................................... 13

N.Y. Lab. Law §198 ........................................................................................................ 13

N.Y. Lab. Law § 195 .................................................................................................. *passim*

## FACTUAL ALLEGATIONS

Relevant to the instant matter, Plaintiffs' complaint alleges that Defendant Banta Management Services, Inc. ("BMS") is a family owned and operated hospitality management company that actively manages the Buffalo Wild Wings restaurants at issue. ECF No. 1 ¶¶ 36, 41-44. Plaintiffs' complaint specifically details that the Individual Defendants hold themselves out as officers and directors of BMS, and how the Individual Defendants, as part of BMS provide oversight and operational guidance to the hotels and restaurants they manage. ECF No. 1 ¶¶ 88-93, 100-104. In that regard George Banta, Sr. ("Banta, Sr.") is identified as the principal on the New York State liquor license for all three of the Buffalo Wild Wings restaurants and the CEO of BMS. *Id.* at ¶¶ 87-88. Whereas, George Banta, Jr. ("Banta, Jr.") has testified that he is the Vice President of BMS. ECF No 1., Exhibit A 6:16-6:20. Moreover, Plaintiffs' complaint alleges that at all relevant times, the Individual Defendants had the power to hire and fire employees, set their wages, control the terms and conditions of their employment as well as authority over payroll decisions, the ability to stop illegal pay practices, and were involved in the day to day operation of the Buffalo Wild Wings restaurants. ECF No. 1 ¶¶ 81-109. Plaintiffs' complaint utilizes Banta, Jr.'s own testimony that he, and his father Banta, Sr., "own and operate restaurants" and "provide oversight and operational guidance" to the restaurants owned by Defendants. *Id.* at 101, ECF No 1., Exhibit A 6:14-7:07.

Here, Plaintiffs were employed as tipped employees at the Buffalo Wild Wings restaurants owned and operated by Defendants. ECF No. 1 ¶¶ 21, 27, 36, 41-44. Plaintiffs allege that Defendants failed to provide proper minimum wages and overtime wages in accordance with the FLSA and NYLL during their time at these restaurants. *Id.* at ¶¶ 142-163. Moreover, Plaintiffs

1

allege that Defendants failed to provide proper wage notices and wage statements as mandated by NYLL § 195. *Id.* at ¶¶ 170-175.

## LEGAL STANDARD

When evaluating a defendant's motion to dismiss under Rule 12(b)(6), a court must accept all factual allegations as true and draw all reasonable inferences in favor of the plaintiff. *Sierra Club v. Con-Strux LLC*, 911 F.3d 85, 88 (2nd Cir. 2018) (citing *Trustees of Upstate New York Engineers Pension Fund v. Ivy Asset Management*, 843 F.3d 561, 566 (2nd Cir. 2016). To survive a 12(b)(6) motion, a plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Penn v. New York Methodist Hosp.*, No. 11 Civ. 9137 (NSR), 2013 WL 5477600, *3 (Sept. 30, 2013) (Roman, J) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A plaintiff is not required to provide "detailed factual allegations" in the complaint, but must assert "more than labels and conclusions." *Flood v. Carlson Rests. Inc.*, 94 F. Supp. 3d 572, 581 (S.D.N.Y. 2015) (quoting *Twombly*, 550 U.S. at 555). Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). Such a statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharm., Inc. v. Broudo*, 544 U.S. 336, 346 (2005) (citation omitted).

Furthermore, in addition to allegations in the complaint, "the Court may consider documents attached as exhibits and documents incorporated by reference in the complaint." *Sidney Frank Importing Co., Inc. v. Beam Inc.*, 998 F. Supp 2d 193 (S.D.N.Y. 2014) (Roman, J) (citations omitted). The issue "is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Chimbay v. Pizza Plus at Staten Island Ferry*,

2

*Inc.*, No. 15 Civ. 2000 (RLE), 2016 WL 1064611, at *3 (S.D.N.Y. Mar. 14, 2016) (quoting *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995)).

## ARGUMENT

### I. THE INDIVIDUAL DEFENDANTS SHOULD NOT BE DISMISSED FROM THE COMPLAINT

Despite Defendants' contentions, Plaintiffs' complaint sufficiently pleads the necessary facts to establish that the Individual Defendants were employers under the FLSA and NYLL. ECF No. 1 ¶¶87-97; 100-108. Reviewing the allegations in their entirety, Plaintiffs' complaint provides more than mere boilerplate language. Rather, Plaintiffs' complaint evidences a closely held family business that not only owns and operates the restaurants at issue but admittingly provides oversite and operational guidance. With the Individual Defendants holding themselves out as CEO and Vice President, Plaintiffs' complaint details the requisite control the Individual Defendants exerted over Plaintiffs' employment. Moreover, Defendants do not dispute that Plaintiffs' allegations would establish individual liability if taken at face value. Thus, Plaintiffs have clearly met the Second Circuit's broad standard for establishing individual liability, at the pleading stage.

#### A. Plaintiffs' Allegations Are More Than Sufficient to Establish Individual Liability

The allegations in Plaintiffs' Complaint easily establish liability for the Individual Defendants. The FLSA's broad definition includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d).[1] The central question in determining whether a person or entity is an employer is "whether the alleged employer possessed the power to control the workers in question ... with an eye to the 'economic reality' presented by the facts of each case." *Yu Ling Shen v. Xue Mei Chen*, No. 17 Civ. 1556 (PAE), 2018 WL

---

[1] Courts in this district employ nearly identical tests to determine the joint employer status under both the FLSA and the NYLL. *Hernandez v. Jrpac Inc.*, No. 14 Civ. 4176 (PAE), 2016 WL 3248493, at *21 (S.D.N.Y. June 9, 2016)

3

2122819, at *3 (S.D.N.Y. May 8, 2018) (quoting *Herman v. RSR Sec. Services Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999)). The "economic realities test" considers whether the alleged employer: (1) had the power to hire and fire employees; (2) supervised and controlled employee work schedules; (3) determined the rate and methods of pay; and (4) maintained employment records. *Carter v. Dutchess Community College,* 735 F.2d 8 (2d Cir.1984). This analysis should be based on "*all* the circumstances . . . so as to avoid having the test confined to a narrow legalistic definition." *Herman,* 172 F.3d at 139 (emphasis in original).

It is well established that a corporate executive may be held individually liable as an "employer" under the FLSA, as "[t]he Supreme Court has emphasized the 'expansiveness' of the FLSA's definition of employer." *Herman* 172 F.3d at 139. As explained by the Second Circuit, the "overarching concern" is "whether the alleged employer possessed the power to control the workers in question." *Irizarry v. Catsimatidis,* 722 F.3d 99, 105 (2d Cir. 2013). "[E]vidence showing an individual's authority over management, supervision, and oversight of a company's affairs in general is relevant to the totality of the circumstances in determining the individual's operational control of the company's employment of the plaintiff employees." *Id.* at 110.

As discussed, Plaintiffs' complaint alleges that the Individual Defendants had ownership interests in the Corporate Defendants and both were directors of the Corporate Defendants. ECF No. 1, ¶¶ 88, 90, 100. Furthermore, Plaintiffs have alleged that the Individual Defendants had operational control over BMS, Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC (collectively "Corporate Defendants"), and that the Individual Defendants set wages, hired and fired employees, and otherwise controlled the terms and conditions of Plaintiffs' employment. ECF No. 1, ¶¶ 91-97, 101-108. Plaintiffs further support these claims according to information provided by the New York Department of State and the New

York State Liquor Authority, where the Individual Defendants are identified as founder, owner, and CEO of the Corporate Defendants. *Id.* ¶¶ 86, 87, 88.

Plaintiffs attached evidence of the Individual Defendants' own testimony and declarations to support these allegations. *See e.g.*, ECF No. 1, Exhibit A Deposition of George Banta, Jr.

> Q: Where are you Employed?
> A: Banta Management.
> Q: And what is your title or role there?
> A: I --we own and operate restaurants and hotels…
> Q: Do you have a title?
> A: No technically. I'm vice president
> Q: And when you say we own restaurants and hotels, does that mean individually or Banta Management does?
> A: It's a family business.
> Q: And Banta Management Services provides what to those respective hotels and restaurants?
> A: Oversight and operational guidance.
> Q: And whose decision, to your knowledge, was it to promote (an employee at a business owned Banta)?
> A: It was our collective
> Q: And when you say "our collective," who?
> A: My father [Banta, Sr.], mother, and myself.[2]

While Defendants contend that the deposition transcript attached to Plaintiffs' complaint is from an unrelated litigation, the transcript provides evidence as to how the Individual Defendants control and operate the companies that make up BMS's portfolio including the Buffalo Wild Wing restaurants at issue. ECF No 1., Exhibit A.

Plaintiffs' complaint shows that it is more than plausible that the Individual Defendants "possessed the power to control the workers in question." *Irizarry*, 722 F.3d at 105. Taken as true, these allegations establish the significant "operational control" held by the Individual Defendants and do not merit dismissal at this phase.

Moreover, the allegations in Plaintiffs' complaint far exceed what is typically alleged at the pleading stage. In fact, Defendants' counsel, who frequently represents plaintiffs in

---

[2] ECF No. 1, Exhibit A Deposition of George Banta, Jr. at 6:10-7:05; 12:14-20.

employment cases, recently defeated a similar motion to dismiss in a separate case where the complaint provided substantially less facts than Plaintiffs' Complaint here. *See Marasco v. American Expediting Co., Inc.*, No. 16 Civ. 232 (PKC)(JO), 2018 WL 2074154 (E.D.N.Y. Jan. 12, 2018). In *Marasco*, the plaintiff only alleged that the individual defendant was an officer of the corporate defendant and that:

> "[individual defendant] operates and/or controls the day-to-day operations and management of the Defendants. Upon information and belief, at all relevant times, [individual defendant] exercised decision-making authority over the terms and conditions of [[plaintiff] and other workers], and had the authority to direct and control these employees' work performance, and/or was responsible for making operational and managerial decisions, including those with respect to employees' hours worked, rates/methods of pay, and hiring/firing." *Id.* at *2

The court found that, while the phrasing of plaintiff's complaint was "undoubtedly formulaic, it nevertheless explicitly allege[d] [individual defendant's] control over the terms and conditions of [plaintiff's] employment" and denied the motion to dismiss. *Id. See also, Winfield v. Babylon Beauty School of Smithtown, Inc.*, 89 F. Supp 3d. 556, 569 (E.D.N.Y. 2015) (finding that plaintiff's pleadings sufficiently established individual liability despite being "somewhat vague," as "in this early stage of the litigation, the Court finds that the Plaintiff have pled enough facts which, if true, plausibly suggest that [the individual defendants] had 'operational control.'") (citing *Salomon v. Adderley Industries*, 960 F. Supp. 2d 502, 510 (S.D.N.Y. 2013)); *Mendoza v. Little Luke, Inc.*, No. 14 Civ. 3416 (JS)(GRB), 2015 WL 998215, *7 (E.D.N.Y. March 6, 2015) (denying defendant's motion to dismiss individual liability where plaintiffs alleged the individual defendant was an owner, officer, and manager and had the power to establish wages, set hours, and hire employees (citing *Coffin v. MRI Enterprises, ., Inc.*, No. 11 Civ. 2453 (DRH)(ARL), 2014 WL 5363855, *3 (E.D.N.Y. Oct. 21, 2014)) *Ramirez v. Riverbay Corp.*, 35 F. Supp.513, 521 (S.D.N.Y. 2014)

6

(upholding plaintiff's claim for individual liability where plaintiff alleged that defendant control wage policies, schedules, and rates of pay); *Perez v. Westchester Foreign Autos, Inc.*, No. 11 Civ. 6091 (ER), 2013 WL 749497, *8 (S.D.N.Y. Feb. 28, 2013) ("the [individual defendants] are alleged, upon information and belief, to have the power to hire and fire employees, and to determine the manner in which [p]laintiffs were compensated. These allegations are alone sufficient to establish that the [individual defendants] may be considered "employers" under the FLSA").

Taking Plaintiffs' complaint in its entirety and drawing all inferences in favor of Plaintiffs, Plaintiffs' Complaint provides substantial allegations that could allow the Court to reasonably conclude that Defendants were employers in accordance with FLSA and NYLL. Therefore, Defendants' motion should be denied.

### B. Defendants' Cases Are Easily Distinguishable

Defendants attempt to justify their position with selections from different cases, provided with little analysis. However, deeper readings of these cases quickly reveal that they are either inapplicable to the current action, or that they actually support Plaintiffs' position.

In *Bravo v. Established Burger One, LLC*, plaintiffs only alleged that the elements of the "economic reality test" applied to some of the individual defendants. *Bravo v. Established Burger One, LLC*, No. 12 Civ. 9044 (CM), 2013 WL 5549495, *6-7. (S.D.N.Y. Oct. 8, 2013). The *Bravo* court explained that, had the plaintiffs alleged that the individual defendants were "owners, principal shareholders, and directors" of the corporate defendants, or factually alleged the individual defendant exercised "operational control" over the plaintiffs, then the claims would not have been dismissed. *Id.* at *7. In fact, the court in *Bravo* refused to dismiss claims against some individual defendants, because the plaintiffs alleged those individual defendants would set

7

schedules, distribute paychecks, and "check in" on the business. *Id.* As *Bravo* did not dismiss all individual claims, Defendant wholly misstate this case. Here, Plaintiffs' allegations against the Individual Defendants are exactly of the sort that the court in *Bravo* would not have dismissed.

In *Tracy v. NVR, Inc.*, plaintiff alleged, without supporting details, that a human resources officer of a multi-billion-dollar company had general authority to hire and/or fire employees and that they maintained records. *Tracy v. NVR, Inc.*, 667 F. Supp. 2d 244, 247 (W.D.N.Y. Nov. 5, 2009). Similarly, in *Coley v. Vandguard Urban Imp. Ass'n Inc.*, the individual defendant was a single board member without any ownership stake in the corporate defendant, and plaintiffs did not allege that the individual defendant had any authority over employees. *Coley v. Vanguard Urban Imp. Ass'n Inc.*, No. 12 Civ 5565 (PKC), 2014 WL 479825, *6 (E.D.N.Y. 2014).

The instant matter is clearly distinguishable from *Tracy* and *Coley*, as Plaintiffs have alleged that the Individual Defendants had actual ownership and managerial authority, and the Individual Defendants are not mere human resources employees or uninterested board members, but /owner, CEO and Vice President. *See* ECF 1 ¶¶ 88, 90, 100 (*see also Marasco v. American Expediting Co., Inc.*, 2018 WL 2074154, *2 (E.D.N.Y. 2018) (where Defendants' counsel Jason Sultzer distinguished *Tracy v. NVR, Inc.* by pointing out that case only dealt with a "random high-level employee" instead of the "owner and president" of the defendant corporation).

In *Wolman v. Catholic Health Sys. of Long Island*, the court dismissed claims against the corporate defendant, which rendered the claims against the individual defendant moot. *Wolman v. Catholic Health System of Long Island*, 853 F. Supp. 2d 290, 299-300 (E.D.N.Y. 2012). However, the court opined that the individual defendant's "position and responsibilities as President, CEO, and Director" alone suggested individual liability had these claims not been dismissed. *Id.* at 300.

8

In fact, as suggested by the *Wolman* court, Plaintiffs' allegations that the Individual Defendants' are owners and directors of the Corporate Defendants could alone support a finding that Plaintiffs' complaint is adequately plead. ECF No. 1, ¶¶ 88, 90, 100. *Wolman*, 853 F. Supp. 2d at 300.

Moreover, given Plaintiffs' specific factual allegations, discovery should be allowed regarding individual liability. Defendants can certainly move for summary judgement on this issue after discovery is concluded. *See Morales v. Rochdale Village Inc.*, No. 15 Civ. 502 (RJD)(RML), 2015 WL 6442590, *5 (E.D.N.Y. Oct. 23, 2015) ("certainly, at the summary judgment stage, plaintiff must support these allegations with additional information…however, that plaintiff has sufficiently alleged [individual liability under the FLSA and NYLL]").

## II. PLAINTIFFS HAVE SUFFICIENTLY ALLEGED CLAIMS FOR VIOLATIONS OF NYLL § 195

Defendants seek to dismiss Plaintiffs' wage statement and wage notice violations pursuant to § 195(1)(a) and (3) of the NYLL. While Defendants do not dispute Plaintiffs' allegations, Defendants argue that Plaintiffs lack standing pursuant to the Supreme Court's decision in *Spokeo v. Robins* and that § 195(1) was repealed as a result of a 2014 amendment. Despite these contentions, Defendants' are arguments are in error. As such, Defendants' motion to dismiss should be denied.

### A. Plaintiffs Have Standing to Bring Claims Pursuant to the NYLL § 195

Defendants' argument that the Supreme Court's decision in *Spokeo* would shield them from liability due to Plaintiffs' alleged failure to suffer a "concrete injury," is without support.[3] In

---

[3] Defendants' counsel certainly thought a "concrete injury" occurred due to a violation of NYLL § 195(3) in *Marasco. See* Amended Class Action and Collective Action Complaint at ¶¶ 302-305, *Marasco v. American Expediting Co., Inc.*, No. 16 Civ. 0232 (PKC)(JO), 2018 WL 2074154 (E.D.N.Y. 2018) (complaint signed by Mr. Sultzer).

that regard, Defendants' not only fail to cite a single case in support of this position, but a plain reading of *Spokeo* actually defeats Defendants' argument. Moreover, at least one court in this Circuit has already determined that similar arguments made by defendants to be without merit. *See e.g.*, *Hicks v. T.L. Cannon Management Corp.*, No 13 Civ. 06455 (EAW), 2018 WL 2440732, at *5 (W.D.N.Y. Mar. 13, 2018) (rejecting defendants' argument that *Spokeo* precluded claims pursuant to NYLL § 195(1) and (3)).

In *Spokeo* the Supreme Court found that a "bare procedural violation" of the Fair Credit Reporting Act was insufficient to confer standing, because "[a] violation of one of the FCRA's procedural requirements may result in no harm." *Hicks*, 2018 WL 2440732, at *5 (citing *Spokeo v. Robins*, 136 S. Ct. 1540, 1550 (2016)). However, "*Spokeo* does not stand for the proposition that a statutory violation, standing alone, can never constitute a concrete injury. In fact, the [Supreme] Court explicitly stated in the *Spokeo* decision that 'the violation of a procedural right granted by statute can be sufficient in some circumstances to constitute injury in fact. In other words, a plaintiff in such a case need not allege any additional harm beyond the one [the legislature] has identified.'" *Hicks*, 2018 WL 2440732, at *5.

The court in *Hicks*, went on to explain that NYLL § 195:

> "[was] drafted and enacted to protect the rights of employees such as [p]laintiffs, and their procedural provisions are specifically designed to guard against the concrete harm that workers are subject to when they are mis- or uninformed regarding their rights and the responsibilities of their employers. Indeed, the Court has already soundly rejected [d]efendants' argument that the issues involved in this matter are trivial or somehow underserving of this [c]ourt's attention." *Id.*

On these grounds, the *Hicks* court rejected the defendants' *Spokeo* argument and found that a violation of the relevant procedural requirements is sufficient to establish standing. *Id.* at *5. *see also Strubel v. Comenity Bank*, 842 F.3d 181, 189 (2d Cir. 2016) ("[w]e do not

10

understand *Spokeo* categorically to have precluded violations of statutorily mandated procedures from qualifying as concrete injuries supporting standing…some violations of statutorily mandated procedures may entail the concrete injury necessary for standing") (citing *Spokeo*, 136 S. Ct. at 1550).

In fact, this Court has previously held that a *Spokeo* defense does not deny Plaintiffs of standing where an injury exists "solely by virtue of statues creating legal rights," and under *Spokeo* a concrete harm need not be tangible where a statue creates a "substantive right" and a "new injury." *Bellino v. JPMorgan Chase Bank, N.A.*, 609 F. Supp. 3d 601, 611-612 (S.D.N.Y. 2016) (Roman, J) (quoting *Manhala A. Church v. Accretive Health, Inc.*, 654 Fed. Appx. 990 (11th Cir. 2016); *see also Cohen v. Ditech Financial, LLC*, 342 F. Supp. 3d 460, 464-465 (S.D.N.Y. 2018) (Roman, J) ("some violations of statutorily mandated procedures may entail the concrete injury necessary for standing") (quoting *Papetti v. Does 1-25*, 691 Fed. Appx. 24, 26 (2nd Cir. 2017)).

Here, Plaintiffs' Complaint alleges that Defendants failed to furnish: (1) the Named Plaintiffs and the Rule 23 Class with proper annual wage notices as required by the NYLL;[4] and (2) the Named Plaintiffs and the Rule 23 Class with proper wage statements, listing the rates paid, gross wages, and the claimed tip allowance, as required by the NYLL;[5] Not only are these allegations sufficient to meet the lenient pleading requirements of Rule 8, but courts in this Circuit have found similar allegations sufficient. *See e.g.*, *Farmer v. Dr. Lucia Patino, Optometrist, P.C.*, No. 18 Civ. 01435(AMD)(LB), 2019 WL 110956, at *8 (E.D.N.Y. Jan. 4, 2019) (denying defendants' motion to dismiss § 195 claims where plaintiff alleged defendant never provided him with a wage notice as required by NYLL § 195(1)(a) and never provided him with a paystub as required by NYLL § 195(3)); *Rodriguez v. Ridge Pizza Inc.*, No. 16 Civ. 00254 (DRH)(AKT),

---

[4] Dkt. No. 1 at ¶¶ 133, 140, 171
[5] Dkt. No. 1 at ¶¶ 134, 414, 174.

11

2018 WL 1335358, at *9 (E.D.N.Y. Mar. 15, 2018) (finding allegations that defendants failed to provide "the wage notice to Plaintiffs as required by NYLL § 195(1)(a)" and "the wage statements to Plaintiffs as required by NYLL § 195(3)" sufficient to state a plausible claim for violation of the wage statement / notice provisions of the NYLL).

As such, Plaintiffs have adequately plead claims pursuant to § 195(1) and (3) of the NYLL and Defendants' motion should be dismissed.

### B. Defendants' Argument that Section 195(1) Has Been Repealed is Erroneous

Defendants' final point, a bizarre argument that alleges that § 195(1) has been repealed, and therefore is only effective between April 9, 2011 and 2015, is without merit. First and foremost, §195(1) has not been repealed. *See* N.Y. Lab. Law §195(1)-(2). Much like Defendants' *Spokeo* argument, Defendants fail to cite to a single source to support this argument.

Beginning April 9, 2011, New York's Wage Theft Prevention Act ("WTPA") required employers to provide written wage notices "at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer." N.Y. LAB. LAW § 195(1-a) (eff. Apr. 9, 2011 to Feb. 27, 2015); *Cabrera v. 1560 Chirp Corp.*, No. 15 Civ 8194, 2017 WL 1289349, at *7 (S.D.N.Y. Mar. 6, 2017). In 2014, section 195(1) was amended to remove the annual requirement[6] and provide increased damages where employers fail to comply with the statutes notice requirement. In that regard, effective Feb. 27, 2015, damages for §195(1) and 195(3) claims were doubled, increasing the maximum recoverable amounts from $2,500 each to $5,000 per plaintiff. *See e.g.* N.Y. Lab. Law §198. Courts have continued to recognize 195(1)(a)

---

[6] Section 195(1)(a) notices are still required at the time of hiring. *See e.g.*, *Marin v. Apple-Metro, Inc.*, No. 12 Civ. 5274 (ENV)(CLP), 2017 WL 4950009, at *16 (E.D.N.Y. Oct. 4, 2017) ("In 2014, the requirement that the notice be provided annually on or before February 1 was rescinded. Thus, since February 27, 2015, when the amendment became effective, this notice need only be provided at the time of hiring.") (citing NYLL § 195(1)(a), 2014 N.Y. Laws ch. 537 § 1 (effective Feb. 27, 2015)).

12

as a viable claim and award plaintiffs' damages for violations even after the 2014 amendment. *Adonias v. Al Horno Lean Mexican Kitchen Inc.*, No. 16 Civ. 07266 (LTS)(KHP), 2018 WL 4007643, at *10 (S.D.N.Y. Aug. 22, 2018) ("Pursuant to a 2014 amendment to the WTPA, an employer who fails to provide notices at the time of hiring is liable for a maximum of $5,000, accruing at a rate of $50 for each day not received"). In fact, courts in this Circuit have regularly awarded $5,000 for wage notice damages following the amendment. *See Garcia v. Pawar Bros Corp.*, No. 18 Civ. 2656 (BMC), 2018 WL 4100482, *2 (E.D.N.Y. Aug. 28, 2018); *Piedra v. Ecua Restaurant*, No. 17 Civ 3316 (PKC) (CLP), 2018 WL 1136039, * 14 (E.D.N.Y. Jan. 13, 2018); *Luna v. Gon Way Construction, Inc.*, No. 16 Civ. 1411, 2017 WL 835321, *13 (E.D.N.Y. Feb. 14, 2017).

To be clear, Plaintiffs' Complaint does not seek damages for tipped workers under 195(1)(a) who were hired prior to April 9, 2011. However, the Named Plaintiffs were hired in 2013. Therefore, they have standing to bring claims under NYLL §195(1). As Plaintiffs have not yet moved for class certification, any class definitions with respect to §195 claims should not be addressed at this time as it "may be 'inappropriate to make a preliminary assessment of the merits of a case in order to determine if it could be maintained as a class action.'" *Cohen v. Gerson Lehrman Grp., Inc.*, 686 F. Supp. 2d 317, 324 (S.D.N.Y. 2010) (quoting *Schweizer v. Trans Union Corp.*, 136 F.3d 233, 239 (2d Cir.1998)); *see also Indergit v. Rite Aid Corp.*, No. 08 Civ. 9361 (PGG), 2009 WL 1269250, at *4 (S.D.N.Y. May 4, 2009) ("In short, once a named plaintiff establishes individual standing, the issue of whether a named plaintiff can assert claims on behalf of absent class members is determined at the class certification stage of the litigation"). As such, Defendants' motion should be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss should be denied in its entirety. In the alternative, should the Court find any part of Plaintiffs' pleading lacking, Plaintiffs would respectfully request an opportunity to amend to redress any deficiencies the Court identifies. *See e.g.*, *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir.1999) ("When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires.").

Dated: New York, New York
March 4, 2019

Respectfully submitted,

/s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Frank J. Mazzaferro
28 Liberty Street
New York, New York 10005
Telephone: (212) 300-0375

**WERMAN SALAS P.C.**
Douglas M. Werman,
Admitted *pro hac vice*
77 W. Washington St. Suite 1402
Chicago, IL 60602
Telephone: (312) 419-1008

*Attorneys for the Plaintiffs
and the Putative Class*

14