

*A Complex Litigation & Trial Practice*

NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

April 30, 2020

**VIA ECF**
The Honorable Nelson S. Román
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re:**   **Patrick Imbarrato and Nick Priano, individually on behalf of themselves and all others similarly situated v. Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC, George Banta, Sr., And George Banta, Jr.**

   **Case No.: 7:18-cv-05422**

Dear Judge Román:

   We represent Defendants in the above-captioned matter.  Defendants respectfully request that Your Honor deny Plaintiffs' request for conditional certification and issuance of court authorized notice pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b).

   Certification of a collective action and authorization of notice are "not automatic" or a rubber stamp but instead require a factual showing "based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ; *Vasquez v. Vitamin Shoppe Indus. Inc*., No. 10-CIV-8820 (LTS)(THK), 2011 U.S. Dist. LEXIS 74376, *9 (S.D.N.Y. Jul. 11, 2011) (certification "is not automatic"); *Khan v. Airport Mgmt. Servs.*, No. 10-CIV-7735 (NRB), 2011 U.S. Dist. LEXIS 133134, * 15 (S.D.N.Y. Nov. 16, 2011) ("While plaintiff's burden at this stage is modest, it is not non-existent. … In fact, courts in this Circuit have routinely declined to authorize collective action notice when faced with similarly lacking evidence.").

   To achieve conditional certification of the collective, Plaintiffs must demonstrate that Plaintiffs and the potential opt-in members of the collective are sufficiently "similarly situated" with respect to their job duties/requirements, compensation, and employer policies.  *Romero v. H.B. Auto. Group, Inc*., No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, *21 (S.D.N.Y. May 1, 2012). To meet this standard, plaintiffs must proffer "'substantial allegations' of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577, *27 (S.D.N.Y. Oct. 22, 2008) (citing *Ayers v. SGS Control Servs., Inc*., No. 03 Civ. 9078 (RMB), 2004 U.S. Dist. LEXIS 25646, *14 (S.D.N.Y. Dec. 21, 2004)).  While the standard of proof for conditional certification is relatively low, the "modest factual showing . . .

cannot be satisfied by unsupported assertions or conclusory allegations . . ." *Franze v. Bimbo Foods Bakeries Distrib., LLC*, 7:17-cv-03556(NSR)(JCM), 2019 U.S. Dist. LEXIS 54426, *4 (S.D.N.Y. Mar. 29, 2019), (Roman, J.)

      Here, even considering the other opt ins, Plaintiffs have not met this standard because they provide only conclusory allegations regarding their own individual circumstances are insufficient to justify conditional certification.  Plaintiff's request rests on the assertion that "Defendants' violations of the FLSA were the result of systematic company-wide policies that equally affected Plaintiffs and potential opt-in plaintiffs."   Plaintiffs provide no support whatsoever for the claim that Defendants' policies with regard to overtime and minimum wage pay were systematic or company-wide.  See *Romero v. H.B. Auto. Group, Inc.*, No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, *27 (S.D.N.Y. May 1, 2012) **(**"Plaintiff's modest factual showing cannot be satisfied simply by unsupported assertions.") (internal citations and quotations omitted).  While Plaintiffs reference seven additional individuals who have allegedly opted into the litigation, they provide no details regarding which Buffalo Wild Wings locations they worked at, what positions they held, their job responsibilities, or how they were allegedly impacted by Defendants' wage policies.  As such, they provide no support for the contention that Defendants maintained a universal policy effecting all potential opt-in members of the collective.

      Courts in this circuit and elsewhere have consistently denied conditional certification where, as here, Plaintiffs' showing of "substantial similarity" is based on nothing more substantive than allegations like these. *See, e.g.*, *Shibetti v. Z Rest., Diner & Lounge, Inc.*, No. 18-CV-856 (ERK) (ST), 2019 U.S. Dist. LEXIS 150715, *8 (E.D.N.Y. Sept. 3, 2019) (denying conditional certification where plaintiff failed to provide the "minimum level of detail" to show that other employees were treated in a similar fashion); *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728, *3 (E.D.N.Y. Jul. 31, 2015) (denying conditional certification where plaintiff supported its motion with only the bare assertion that other employees also worked overtime without proper compensation); *Sanchez v. JMP Ventures*, L.L.C., No. 13-CV-7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification where plaintiff failed to provide any detail to establish a common practice of overtime violations by his employer); *Prizmic v. Armour, Inc.*, 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, *2 (E.D.N.Y. June 12, 2006) (denying certification where the plaintiff "had not submitted any evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law"); *Barfield v. N. Y. City Health & Hosps. Corp.*, No. 05 CIV. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where the plaintiff alleged that, based on "limited anecdotal hearsay," other nurses were not paid overtime); *Levinson v. Primedia Inc.*, No. 02 CIV 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, *5 (S.D.N.Y. Nov. 6, 2003)  (denying conditional certification where the plaintiffs merely alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than the conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay policies); *Armstrong v. Weichert Realtors*, No. 05 Civ. 3120 (JAG), 2006 U.S. Dist. LEXIS 31351, *3 (D.N.J. May 19, 2006) (insufficient showing where the plaintiff offered a "one-page declaration . . . as the sole piece of evidence in support of the motion for [collective action] certification"); *Stubbs v.*

*McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) ("While . . . plaintiff [need not] come forward with evidence of actual proof of a decision, policy or plan, the initial ad hoc FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

  Plaintiffs' lack of support for collective certification is even more glaring in light of their overbroad definition of the collective, which encompasses a variety of different kinds of employees working at a number of Buffalo Wild Wings locations.  Plaintiffs purport to bring their collective action allegations on behalf of current and former "tipped employees" who worked at the four locations listed in the complaint.  *See* Class Action Complaint ("Compl.") at ¶¶ 1 and 113. The named Plaintiffs however, worked only at the Middletown location.  Compl. ¶¶ 21 and 27.  Thus, allegations concerning minimum wage or overtime pay policies or practices at the other three Buffalo Wild Wings locations is necessarily speculative.  *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 696 (N.D.N.Y. 2015) (denying collective certification because "Plaintiff also fails to explain how he was aware that employees at defendants' other locations were subject to the same allegedly unlawful overtime compensation policy, despite only having worked at [one] location); *Rudd v. T.L. Cannon Corp.*, No. 3:10-CV-0591 (TJM/DEP), 2011 U.S. Dist. LEXIS 21061, *29-30 (N.D.N.Y. Jan. 4, 2007) (concluding that allegations of FLSA violations at one location did not provide sufficient factual support of similar wrongdoings at the defendants' other locations); *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-CV-7350, 2009 U.S. Dist. LEXIS 127262, *17 (S.D.N.Y. Nov. 13, 2009) (denying a plaintiff's attempt to conditionally certify a nationwide class on the basis of only her individualized experience and the experience of other employees at the same store); *Monger v. Cactus Salon & Spa's LLC*, No. 08-CV-1817, 2009 U.S. Dist. LEXIS 60066, *5 (E.D.N.Y. July 6, 2009), (denying conditional certification with respect to employees at stores other than where the plaintiffs worked).

  Nor can Plaintiffs' credibly allege a common pattern or practice of FLSA violations with regard to each of the categories of employees they purport to represent.  The Complaint's definition of "tipped employees" includes servers, bussers, bartenders, and "other 'tipped workers.'"  Compl. ¶ 1.  These are positions with differing job responsibilities and there is no support for the conclusory allegation that each category of employee was subject to the same wage and hour policies.  The named Plaintiffs were both servers with unique job duties and are not similarly situated to bussers, bartenders, or any other categories of employees.  *See Romero*, 2012 U.S. Dist. LEXIS 61151, *52 (denying collective certification of a class consisting of employees in a variety of jobs where plaintiff failed to provide evidence that the job responsibilities of the proposed class members were "largely consistent").

  Because Plaintiffs have provided no support for their assertion that Plaintiffs and the potential opt-in members of the collective are "similarly situated," or that Defendants engaged in a pattern or practice that was common to the collective as a whole, we respectfully request that Your Honor deny Plaintiffs' request for conditional certification and issuance of court authorized notice.

Very truly yours,

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer