USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 2/2/2021

**Memorandum Endorsement**

*Imbarrato et al., v. Banta Management Services, Inc., et al.,* 18-cv-5422

The Court is in receipt of a letter motion from Plaintiffs Patrick Imbarrato, Nick Praino, and a putative and collective class of current and former Servers, Bussers, Bartenders, and other tipped workers ("Plaintiffs") who worked for Defendants Banta Management Services, Inc., Banta BWW MDT, LLC, Banta BWW ON, LLC, Banta BWW NB, LLC, George E. Banta, Sr., and George E. Banta, Jr. ("Defendants"), dated April 27, 2020, requesting a pre-motion conference to discuss the substance and briefing schedule for their proposed motion for conditional certification under the Fair Labor Standards Act ("FLSA") for Plaintiffs' FLSA claims (ECF No. 44.)  Defendants subsequently opposed this request arguing that Plaintiffs' have not met the minimal burden for conditional certification under the FLSA.  (ECF No. 45.)  The Court is also in receipt of Plaintiffs' letter dated February 1, 2021, reasserting various grounds for its motion for conditional certification.  (ECF No. 47.)

The Court waives the pre-motion conference requirement and grants Plaintiffs' leave to file their motion for conditional certification with the following briefing schedule: (1) Plaintiffs' moving papers shall be served, not filed, March 4, 2021; (2) Defendants' opposition papers shall be served, not filed, April 5, 2021; and (3) Plaintiffs' reply papers shall be served April 20, 2021. The parties are directed to file all of their motion documents on the reply date, April 20, 2021.

The parties shall provide two (2) copies of their respective motion documents to Chambers on the date the documents are served upon their adversary. As long as the Court's Emergency Rules are in place, counsel for both parties are also directed to email copies of their respective papers to Chambers on the date they are served upon their adversary.

The Clerk of the Court is respectfully directed to terminate the motion at ECF No. 44.

Dated: February 2, 2021
White Plains, NY

SO ORDERED.

_____
Nelson S. Román, U.S.D.J.



28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

April 27, 2020

**VIA ECF**
Hon. Nelson Stephen Roman, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   Re: **_Imbarrato v. Banta Management, Inc. et al. No.: 18 Civ. 05422 (NSR)(JCM)_**

Dear Judge Roman:

  We represent Plaintiffs and a putative and collective class of current and former Servers, Bussers, Bartenders, and other tipped workers who worked for Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, Banta BWW NB, LLC, George E. Banta, Sr., and George E. Banta, Jr. (collectively "Defendants" or "Buffalo Wild Wings"). Defendants' own and operate three Buffalo Wild Wing restaurants located at: 567 Rt. 211 E., Middletown, New York 10947; 1794 South Rd., Wappingers Falls, New York 12590; and 768 State Rte. 28, Oneonta, New York 13820. We write pursuant to Section 3(A) of Your Honor's Individual Rules of Practice to respectfully request a pre-motion conference in advance of Plaintiffs' anticipated motion for conditional certification and issuance of court authorized notice pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b). Plaintiffs previously made this request on August 17, 2018. Dkt. No. 20. On January 3, 2019, the Court denied Plaintiffs' request without prejudice pending the outcome of Defendants' anticipated Motion to Dismiss. Dkt No. 30.[1] Now that the Court has decided Defendants' Motion, Plaintiffs renew their request.

  Plaintiffs allege that they, and a collective of similarly situated employees were underpaid by Defendants in violation of the FLSA. In particular, Plaintiffs allege that Defendants violated the FLSA by failing to pay Plaintiffs and similarly situated employees the appropriate minimum wage and overtime pay for all hours worked. Systematically, Defendants have instituted and enforced policies at their Buffalo Wild Wings restaurants that violate the FLSA. Such policies include: (1) requiring tipped workers to engage in non-tip producing duties that were related to their tip producing duties for more than 20 percent of their time at work and engage in non-tip producing duties that were not related to their tip producing duties; and (2) Defendants failed to satisfy the notice requirements under the FLSA that would allow them to pay a reduced minimum wage (take a "tip credit).

  Section 216(b) of the FLSA permits district courts to authorize notice of the litigation to employees who are shown to be "similarly situated" to the plaintiffs. *Hoffmann-La Roche Inc. v. Sperling,* 493 U.S. 165, 169-70 (1989); *Myers v. Hertz Corporation*, No. 08 Civ. 1037624 F.3d 537 (2d Cir. 2010). Courts in this district grant 216(b) Motions on behalf of hospitality employees. *Reyes v. City of Rye*, No. 13 Civ. 9051 (NSR), ECF No. 38 (S.D.N.Y. July 28, 2016), (Roman, J).

---

[1] Plaintiffs made a second request on February 12, 2019, which the Court did not address. Dkt. No. 31.



28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

At the initial stage of a lawsuit, before discovery has begun, courts apply a "lenient standard" to determine whether plaintiffs have met their "minimal" burden of showing that the similarly situated requirement is met.[2] *Karic v. The Major Automotive Companies, Inc.*, No. 09 Civ. 5708 (ENV), 2011 WL 3235703 (E.D.N.Y. July 20, 2011); *Delaney v. Geisha NYC, LLC*, 261 F.R.D. 55, 58 (S.D.N.Y. 2009). As such, plaintiffs need only "'make a modest factual showing that they and potential opt-in plaintiffs together were victims of a common policy or plan that violated the law.'" *Flood v. Carlson Restaurants Inc.*, No. 14 Civ. 2740 (AT), 2015 WL 260436, at *2 (S.D.N.Y. Jan. 20, 2015) (quoting Myers, 624 F.3d at 555); At the initial stage, plaintiffs can satisfy their minimal burden based on the pleadings and declarations alone. *See Cheng Xia Wang v. Shun Lee Palace Rest., Inc.,* No. 17 Civ. 00840 (VSB), 2018 WL 3155835, at *3 (S.D.N.Y. June 28, 2018).

Moreover, courts have found employees who worked at separate locations operated by a common employer to be "similarly situated" for purposes of authorizing notice of the litigation. *See Flood*, 2015 WL 260436, at *4 (conditionally certifying a nationwide collective of 42,000 employees based in part on the 20% standard); *Chhab v. Darden Restaurants, Inc.*, No. 11 Civ. 8345 (NRB), 2013 WL 5308004 (S.D.N.Y. September 20, 2013) (conditionally certifying a collective of employees at forty-seven restaurants nationwide based in part on the 20% standard); *Guttentag v. Ruby Tuesday, Inc.*, No. 12 Civ. 3041, 2013 WL 2602521, at *2 (S.D.N.Y. June 11, 2013) (granting nationwide certification based on plaintiffs' declarations and depositions covering eight store locations in four states, as well as other evidence of defendants' nationwide overtime policy, centralized staffing, and labor budget management system); *Capsolas, et al. v. Pasta Resources, Inc.,* 10 Civ. 5595 (RJH), 2011 WL 1770827 (S.D.N.Y. May 8, 2011) (authorizing notice to plaintiffs across eight restaurants that shared a common ownership, were supervised by the same individuals, and were administered by the same company).

Additionally, since the statute of limitations applicable to each putative collective member's FLSA claim continues to run until she "opts in" to the action by filing a written consent, the timing of notice is of great significance. *See, e.g., Jackson v. Bloomberg, L.P.*, 298 F.R.D. 152, 170-71 (S.D.N.Y. 2014) (tolling the statute of limitations as of the date of the filing of the plaintiff's motion); *Kemper v. Westbury Operating Corp.*, No. 12 Civ. 895 (ADS)(ETB), 2012 WL 4976122, at *3 (E.D.N.Y. Oct. 17, 2012) ("[P]laintiffs' request to notify individuals who were employed three years from the date plaintiff filed this motion, rather than from the date of the mailing of the notice, is granted."); *McGlone*, 867 F.Supp.2d at 445 (tolling statute of limitations while conditional certification motion was being decided). In fact, courts have specifically acknowledged that "the delay caused by the time required for a court to rule on a motion, such as one for certification of a collective action in a FLSA case, may be deemed an 'extraordinary circumstance' justifying application of the equitable tolling doctrine." *Yahraes v. Rest. Associates Events Corp.*, No. 10 Civ. 935 (SLT), 2011 WL 844963, at *2 (E.D.N.Y. March 8, 2011); *see, e.g., Jackson*, 298 F.R.D. at 171; *Kemper*, 2012 WL 4976122, at *3; *McGlone*, 867 F.Supp.2d at 445.

---

[2] On August 2, 2018, Plaintiffs' Counsel emailed Defendants' Counsel inquiring as to whether Defendants would consent to issuance of 216(b) notice in an effort to "streamline the case and avoid unnecessary attorneys' fees on both sides." Defendants never responded to Plaintiffs' Counsel's email, making this request necessary.



28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

Here, Plaintiffs will show that Defendants subjected them and their similarly situated co-workers to the same unlawful compensation policies including a failure to pay the appropriate minimum wage rate for all hours worked and failure to pay premium overtime compensation when they worked over forty hours per workweek. Moreover, given that nine individuals, including the named Plaintiffs have already opted-in to this action, Plaintiffs will have no problem making a modest factual showing that Defendants' violations of the FLSA were the result of systematic company-wide policies that equally affected Plaintiffs and potential opt-in plaintiffs. Courts in this Circuit routinely authorize notice where plaintiffs allege that they and similarly situated employees were victims of the same or very similar violations. *See, e.g., Vecchio v. Quest Diagnostics Inc.,* No. 16 Civ. 05165 (ER), 2018 WL 2021615, at *6 (S.D.N.Y. Apr. 30, 2018) (granting nationwide conditional certification where plaintiffs demonstrated "that examiners from across the country are subject to a nationwide policy that requires them to do work for which they are not compensated."); *Varghese v. JP Morgan Chase & Co.*, 2016 WL 4718413, at *8 (S.D.N.Y. Sept. 9, 2016) ("Courts routinely grant conditional certification to a national class where evidence is presented from multiple employees from multiple locations nationwide." ) (emphasis added; quotation marks and alterations omitted) *In re Deloitte & Touche Overtime Litig.,* No. 11 Civ. 2461 (RMB), 2011 WL 6292923 (S.D.N.Y. Dec. 16, 2011) (conditionally certifying a national collective of employees where plaintiffs and the putative class members had the same job requirements, pay provisions, and where they were uniformly classified as exempt from the overtime provisions of the FLSA); *Aponte v. Comprehensive Health Management,* No. 10 Civ. 4825 (PKC), 2011 WL 2207586 (S.D.N.Y. June 2, 2011) (granting plaintiffs' motion for nationwide conditional certification where plaintiffs were able to demonstrate uniformity with respect to their primary job responsibilities); *Winfield v. Citibank, N.A.*, 10 Civ. 7304 (JGK), 2012 WL 423346 (S.D.N.Y. Feb. 9, 2012) (approving plaintiffs' motion for nationwide conditional certification for off-the-clock claims); *Bowens v. Atlantic Maintenance Corp.,* No. 06 Civ. 809 (NG)(CLP), 2008 WL 1827439, at *24 (E.D.N.Y. Apr. 23, 2008) (approving collective action certification and notice for off-the-clock claims).

Therefore, to further the FLSA's broad remedial goals, all individuals who worked at Defendants' three Buffalo Wild Wings restaurants in New York as Servers, Bussers, Bartenders, and other tipped workers from October 3, 2013 to the present should be notified of the lawsuit and presented with the opportunity to join this action to assert their FLSA claims as soon as practicable. As a result of the foregoing, we respectfully request that the Court schedule a pre-motion conference to discuss the issue of Plaintiffs' anticipated motion for conditional collective action certification and court authorized notice pursuant to FLSA § 216(b).

We thank the Court for its consideration of our request.

Respectfully yours,

/s/ Brian S. Schaffer

Brian S. Schaffer



28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

Cc: Counsel of record (via ECF)



NEW YORK | PENNSYLVANIA | NEW JERSEY | CALIFORNIA

April 30, 2020

**VIA ECF**
The Honorable Nelson S. Román
United States District Court for the Southern District of New York
Federal Building and United States Courthouse
300 Quarropas Street
White Plains, NY 10601-4150

**Re:    Patrick Imbarrato and Nick Priano, individually on behalf of themselves and all others similarly situated v. Banta Management Services, Inc., Banta BWW MDT, LLC, Banta Nine Mall, LLC, Banta BWW ON, LLC, and Banta BWW NB, LLC, George Banta, Sr., And George Banta, Jr.**

   **Case No.: 7:18-cv-05422**

Dear Judge Román:

   We represent Defendants in the above-captioned matter.  Defendants respectfully request that Your Honor deny Plaintiffs' request for conditional certification and issuance of court authorized notice pursuant to the Fair Labor Standards Act ("FLSA"). 29 U.S.C. § 216(b).

   Certification of a collective action and authorization of notice are "not automatic" or a rubber stamp but instead require a factual showing "based on some substance." *Guillen v. Marshalls of MA, Inc.*, 750 F. Supp. 2d 469, 480 (S.D.N.Y. 2010) ; *Vasquez v. Vitamin Shoppe Indus. Inc.*, No. 10-CIV-8820 (LTS)(THK), 2011 U.S. Dist. LEXIS 74376, *9 (S.D.N.Y. Jul. 11, 2011) (certification "is not automatic"); *Khan v. Airport Mgmt. Servs.*, No. 10-CIV-7735 (NRB), 2011 U.S. Dist. LEXIS 133134, * 15 (S.D.N.Y. Nov. 16, 2011) ("While plaintiff's burden at this stage is modest, it is not non-existent. … In fact, courts in this Circuit have routinely declined to authorize collective action notice when faced with similarly lacking evidence.").

   To achieve conditional certification of the collective, Plaintiffs must demonstrate that Plaintiffs and the potential opt-in members of the collective are sufficiently "similarly situated" with respect to their job duties/requirements, compensation, and employer policies.  *Romero v. H.B. Auto. Group, Inc*., No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, *21 (S.D.N.Y. May 1, 2012). To meet this standard, plaintiffs must proffer "'substantial allegations' of a factual nexus between the named plaintiffs and potential opt-in plaintiffs with regard to their employer's alleged FLSA violation." *Davis v. Abercrombie & Fitch Co.*, No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577, *27 (S.D.N.Y. Oct. 22, 2008) (citing *Ayers v. SGS Control Servs., Inc*., No. 03 Civ. 9078 (RMB), 2004 U.S. Dist. LEXIS 25646, *14 (S.D.N.Y. Dec. 21, 2004)).  While the standard of proof for conditional certification is relatively low, the "modest factual showing . . .

cannot be satisfied by unsupported assertions or conclusory allegations . . ." *Franze v. Bimbo Foods Bakeries Distrib., LLC*, 7:17-cv-03556(NSR)(JCM), 2019 U.S. Dist. LEXIS 54426, *4 (S.D.N.Y. Mar. 29, 2019), (Roman, J.)

Here, even considering the other opt ins, Plaintiffs have not met this standard because they provide only conclusory allegations regarding their own individual circumstances are insufficient to justify conditional certification. Plaintiff's request rests on the assertion that "Defendants' violations of the FLSA were the result of systematic company-wide policies that equally affected Plaintiffs and potential opt-in plaintiffs." Plaintiffs provide no support whatsoever for the claim that Defendants' policies with regard to overtime and minimum wage pay were systematic or company-wide. *See Romero v. H.B. Auto. Group, Inc.*, No. 11 Civ. 386 (CM), 2012 U.S. Dist. LEXIS 61151, *27 (S.D.N.Y. May 1, 2012) **(**"Plaintiff's modest factual showing cannot be satisfied simply by unsupported assertions.") (internal citations and quotations omitted). While Plaintiffs reference seven additional individuals who have allegedly opted into the litigation, they provide no details regarding which Buffalo Wild Wings locations they worked at, what positions they held, their job responsibilities, or how they were allegedly impacted by Defendants' wage policies. As such, they provide no support for the contention that Defendants maintained a universal policy effecting all potential opt-in members of the collective.

Courts in this circuit and elsewhere have consistently denied conditional certification where, as here, Plaintiffs' showing of "substantial similarity" is based on nothing more substantive than allegations like these. *See, e.g.*, *Shibetti v. Z Rest., Diner & Lounge, Inc*., No. 18-CV-856 (ERK) (ST), 2019 U.S. Dist. LEXIS 150715, *8 (E.D.N.Y. Sept. 3, 2019) (denying conditional certification where plaintiff failed to provide the "minimum level of detail" to show that other employees were treated in a similar fashion); *Reyes v. Nidaja, LLC*, No. 14 Civ. 9812, 2015 U.S. Dist. LEXIS 101728, *3 (E.D.N.Y. Jul. 31, 2015) (denying conditional certification where plaintiff supported its motion with only the bare assertion that other employees also worked overtime without proper compensation); *Sanchez v. JMP Ventures*, L.L.C., No. 13-CV-7264 (KBF), 2014 U.S. Dist. LEXIS 14980, at *5 (S.D.N.Y. Jan. 27, 2014) (denying conditional certification where plaintiff failed to provide any detail to establish a common practice of overtime violations by his employer); *Prizmic v. Armour, Inc.*, 05-CV-2503, 2006 U.S. Dist. LEXIS 42627, *2 (E.D.N.Y. June 12, 2006) (denying certification where the plaintiff "had not submitted any evidence by affidavit or otherwise to demonstrate that he and other potential plaintiffs were victims of a common policy or plan that violated the law"); *Barfield v. N. Y. City Health & Hosps. Corp.*, No. 05 CIV. 6319 (JSR), 2005 U.S. Dist. LEXIS 28884, *3 (S.D.N.Y. Nov. 18, 2005) (denying conditional certification where the plaintiff alleged that, based on "limited anecdotal hearsay," other nurses were not paid overtime); *Levinson v. Primedia Inc*., No. 02 CIV 2222 (CBM), 2003 U.S. Dist. LEXIS 20010, *5 (S.D.N.Y. Nov. 6, 2003)  (denying conditional certification where the plaintiffs merely alleged that they were not paid minimum wage or overtime, but provided no factual evidence other than the conjecture contained in the plaintiffs' affidavits that other employees were subject to the same pay policies); *Armstrong v. Weichert Realtors*, No. 05 Civ. 3120 (JAG), 2006 U.S. Dist. LEXIS 31351, *3 (D.N.J. May 19, 2006) (insufficient showing where the plaintiff offered a "one-page declaration . . . as the sole piece of evidence in support of the motion for [collective action] certification"); *Stubbs v.*

2

*McDonald's Corp.*, 227 F.R.D. 661, 666 (D. Kan. 2004) ("While . . . plaintiff [need not] come forward with evidence of actual proof of a decision, policy or plan, the initial ad hoc FLSA class certification standard does require plaintiff to provide more than his own speculative allegations, standing alone.").

Plaintiffs' lack of support for collective certification is even more glaring in light of their overbroad definition of the collective, which encompasses a variety of different kinds of employees working at a number of Buffalo Wild Wings locations. Plaintiffs purport to bring their collective action allegations on behalf of current and former "tipped employees" who worked at the four locations listed in the complaint. *See* Class Action Complaint ("Compl.") at ¶¶ 1 and 113. The named Plaintiffs however, worked only at the Middletown location. Compl. ¶¶ 21 and 27. Thus, allegations concerning minimum wage or overtime pay policies or practices at the other three Buffalo Wild Wings locations is necessarily speculative. *See Boice v. M+W U.S., Inc.*, 130 F. Supp. 3d 677, 696 (N.D.N.Y. 2015) (denying collective certification because "Plaintiff also fails to explain how he was aware that employees at defendants' other locations were subject to the same allegedly unlawful overtime compensation policy, despite only having worked at [one] location); *Rudd v. T.L. Cannon Corp.*, No. 3:10-CV-0591 (TJM/DEP), 2011 U.S. Dist. LEXIS 21061, *29-30 (N.D.N.Y. Jan. 4, 2007) (concluding that allegations of FLSA violations at one location did not provide sufficient factual support of similar wrongdoings at the defendants' other locations); *Eng-Hatcher v. Sprint Nextel Corp.*, No. 07-CV-7350, 2009 U.S. Dist. LEXIS 127262, *17 (S.D.N.Y. Nov. 13, 2009) (denying a plaintiff's attempt to conditionally certify a nationwide class on the basis of only her individualized experience and the experience of other employees at the same store); *Monger v. Cactus Salon & Spa's LLC*, No. 08-CV-1817, 2009 U.S. Dist. LEXIS 60066, *5 (E.D.N.Y. July 6, 2009), (denying conditional certification with respect to employees at stores other than where the plaintiffs worked).

Nor can Plaintiffs' credibly allege a common pattern or practice of FLSA violations with regard to each of the categories of employees they purport to represent. The Complaint's definition of "tipped employees" includes servers, bussers, bartenders, and "other 'tipped workers.'" Compl. ¶ 1. These are positions with differing job responsibilities and there is no support for the conclusory allegation that each category of employee was subject to the same wage and hour policies. The named Plaintiffs were both servers with unique job duties and are not similarly situated to bussers, bartenders, or any other categories of employees. *See Romero*, 2012 U.S. Dist. LEXIS 61151, *52 (denying collective certification of a class consisting of employees in a variety of jobs where plaintiff failed to provide evidence that the job responsibilities of the proposed class members were "largely consistent").

Because Plaintiffs have provided no support for their assertion that Plaintiffs and the potential opt-in members of the collective are "similarly situated," or that Defendants engaged in a pattern or practice that was common to the collective as a whole, we respectfully request that Your Honor deny Plaintiffs' request for conditional certification and issuance of court authorized notice.

Very truly yours,

**THE SULTZER LAW GROUP P.C.**

Jason P. Sultzer



**FITAPELLI & SCHAFFER**
ATTORNEYS AT LAW

28 Liberty Street, 30th Floor • New York, NY 10005
Telephone: (212) 300-0375 • Facsimile: (212) 481-1333 • www.fslawfirm.com

February 1, 2021

**VIA ECF**
Hon. Nelson Stephen Roman, U.S.D.J.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601

   Re: <u>Imbarrato v. Banta Management, Inc. et al. No.: 18 Civ. 05422 (NSR)(JCM)</u>

Dear Judge Roman:

  We represent Plaintiffs in the above referenced action. On April 27, 2020, Plaintiffs requested a pre-motion conference in anticipation of their Motion for Conditional Certification (Dkt. 44). In Fair Labor Standards Act ("FLSA") matters such as this one, without equitable tolling "opt-in plaintiffs would not be able to make claims for any period prior to three years from the date they actually file a consent to join the action. *Knox v. John Varvatos Enterprises Inc.*, 282 F. Supp. 3d 644, 657 (S.D.N.Y. 2017). Thus, "[b]ecause the FLSA statute of limitations is not tolled unless a potential plaintiff opts in, making time of the essence, the general thinking is that an earlier and less rigorous review for conditional certification would permit potential plaintiffs ample time to weigh the benefits of joining a lawsuit that alleges a FLSA violation." *Ruggles v. WellPoint, Inc.,* 591 F. Supp. 2d 150, 162 (N.D.N.Y. 2008).

  Here, not only has a substantial amount of time elapsed since Plaintiffs' made their initial request but, as a result of the current public health pandemic, the landscape of the hospitality industry has changed greatly. In that regard, as more time passes potential opt-in plaintiffs may become more challenging to locate and Defendants' financial wellbeing may become an issue.

  Plaintiffs would like to respectfully request a pre-motion conference or a briefing schedule so that Plaintiffs can minimize any further complications that may result.

  We thank the Court for its time and attention to this matter.

               Respectfully yours,

               /s/ Brian S. Schaffer
               _____

               Brian S. Schaffer

Cc: Counsel of record (via ECF)