## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PATRICK IMBARRATO on behalf of himself and all others similarly situated,<br><br>**Plaintiff,**<br><br>-against-<br><br>BANTA MANAGEMENT SERVICES, INC., BANTA BWW MDT, LLC, GEORGE E. BANTA, SR., and GEORGE E. BANTA, JR.,<br><br>**Defendants.** | No. 18 Civ. 5422-NSR-JCM<br><br><br>**DECLARATION OF DOUGLAS M. WERMAN** |

Douglas M. Werman, being first duly sworn on oath, deposes and states under penalty of perjury the following:

1.      I submit this Declaration in support of Plaintiffs' Motion for Final Approval of Class Action Settlement.

2.      I am a member in good standing of the Illinois State Bar, am admitted to practice *pro hac vice* in this litigation, and am the managing shareholder of Werman Salas P.C.

3.      Except as noted otherwise, this Declaration is based on my personal knowledge. If called as a witness to testify to the facts in this Declaration, I could and would testify to them.

4.      I graduated from Loyola University of Chicago's School of Law in 1990. I received my undergraduate degree from the University of Illinois, Champaign-Urbana, in 1987. I am admitted to practice law in the State of Illinois in 1990.

5.      I am admitted in the following courts:

| COURT OF ADMISSION | DATE OF ADMISSION |
|---|---|
| **State Admissions** | |
| State of Illinois | 11/8/1990 |
| **U.S. District Courts** | |
| Northern District of Illinois | 12/20/1990 |
| Western District of Michigan | 6/24/1999 |

| Central District of Illinois | 3/30/2001 |
|---|---|
| Eastern District of Michigan | 3/25/2003 |
| Southern District of Illinois | 4/8/2010 |
| Northern District of Indiana | 10/25/2010 |
| Western District of New York | 7/22/2015 |
| Federal Claims Court | 8/13/2015 |
| Southern District of Indiana | 11/5/2015 |
| Eastern District of Arkansas | 12/4/2015 |
| District of Colorado | 6/6/2017 |
| **Appellate Courts** | |
| Seventh Circuit Court of Appeals | 8/4/1994 |
| Eleventh Circuit Court of Appeals | 5/6/2015 |
| Tenth Circuit Court of Appeals | 4/21/2016 |
| Ninth Circuit Court of Appeals | 5/20/2016 |

6.      Federal and state courts have recognized the expertise that my firm and I possess

in collective and class action litigation. For example:

- *Pruess v. Presbyterian Health Plan, Inc.*, No. 1:19-CV-00629-DHU-JFR, 2024 WL 3844965, at *12 (D.N.M. Aug. 16, 2024) (appointing Douglas Werman as class counsel and stating that Werman Salas "is a national law firm focused on labor and employment class and collective actions" and emphasizing that "[o]ther courts have found Mr. Werman adequate class counsel.");

- *Palacios v. H&M, Hennes & Mauritz, LP*, Case No. 2018-CH-16030 (Cir. Ct. Cook Cty., Ill.) (appointing Werman Salas P.C. as class counsel and stating, "the Court has observed counsel's advocacy in this case and others and finds that Werman Salas P.C. will fairly and adequately protect the interests of the class.");

- *Osman, et al. v. Grube, Inc., et al.* 2018 WL 2095172, at *4 (N.D. Ohio May 4, 2018) ("[Werman Salas P.C.] are known and recognized lawyers … and have an excellent national reputation … Courts recognize Plaintiffs' Counsel as leaders in advocating the rights of … workers throughout the United States.");

- *Sanchez v. Roka Akor Chicago LLC*, No. 14 C 4645, 2017 WL 1425837, at *5-7 (N.D. Ill., Apr. 20, 2017) (Douglas Werman and Werman Salas P.C. are "national leaders in advocating the rights of working people … " and describing Mr. Werman as a "highly respected and experienced lawyer[]…");

- *Knox v. Jones Grp.,* No. 15-CV-1738 SEB-TAB, 2017 WL 3834929, at *5 (S.D. Ind. Aug. 31, 2017) (Douglas Werman and his firm are "… national leaders in advocating the rights of working people …");

2

- *Schmidt v. Smith & Wollensky, LLC*, 268 F.R.D. 323, 328 n.5 (N.D. Ill. 2010) (Castillo, C.J.) (describing Mr. Werman as a "highly experienced attorney" in class actions).

7.    Over the past 24 years, I have been lead or co-lead counsel in nearly a thousand

FLSA collective actions and/or other wage and hour class actions filed in state and federal courts.

Some of these cases include:

- *Pruess v. Presbyterian Health Plan, Inc.*, No. 1:19-CV-00629-DHU-JFR, 2024 WL 3844965, at *1 (D.N.M. Aug. 16, 2024) (granting class certification of state overtime claims and refusing decertification of FLSA collective);

- *Avery v. TEKsystems, Inc.*, No. 3:22-CV-02733-JSC, 2024 WL 590364, at *1 (N.D. Cal. Feb. 13, 2024) (granting contested motion for class certification of California state law overtime claims);

- *Magpayo v. Advocate Health & Hosps. Corp.,* No. 16-cv-01176, 2018 WL 950093, at *1 (N.D. Ill. Feb. 20, 2018) (certifying Illinois state law overtime claims under F.R.C.P. 23);

- *Robbins v. Blazin Wings, Inc.,* No. 15-cv-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016) (certification of a FLSA collective of over 62,000 employees);

- *Garcia v. JC Penney Corp., Inc.*, No. 12-cv-3687, 2016 WL 878203 (N.D. Ill. Mar. 8, 2016) (class action for owed pay for over 36,000 employees);

- *Ortiz v. Manpower, Inc.,* No. 12-cv-5248 (N.D. Ill. August 21, 2012) (class action for unpaid wages certified under F.R.C.P. 23 for over 85,000 employees);

- *Hardaway v. Employbridge of Dallas, et al*., No. 11-cv-3200 (N.D. Ill.) (class action for overtime wages under the Fair Labor Standards Act);

- *Martignago, et al. v. Merrill Lynch & Co., Inc*., No. 11-cv-03923-PGG (S.D.N.Y.) (multi-state class action certified for over 10,000 employees);

- *Driver v. AppleIllinois, LLC*, 265 F.R.D. 293, 311 (N.D. Ill. 2010) & *Driver,* No. 06-cv-6149, 2012 U.S. Dist. LEXIS 27659, at *15 (N.D. Ill. Mar. 2, 2012) (F.R.C.P. 23 class certification for 19,000 tipped employees; decertification denied);

- *Haschak v. Fox & Hound Rest. Grp.*, No. 10-cv-8023, 2012 U.S. Dist. 162476, at * 2 (N.D. Ill. Nov. 14, 2012) (F.R.C.P. 23 class certification for over 6,000 employees);

- *Schaefer v. Walker Bros. Enters., Inc.,* No. 10-cv-6366, 2012 U.S. Dist. LEXIS 65432, at *4 (N.D. Ill. May 7, 2012) (F.R.C.P. 23 class certification for Illinois employees);

- *Cope v. Let's Eat Out, Inc.*, 319 F.R.D. 544, 549 (W.D. Mo. 2017) (granting class certification under Missouri Minimum Wage Law on behalf of tipped employees)

- *Schmidt v. Smith & Wollensky,* 268 F.R.D. 323 (N.D. Ill. 2010) (contested F.R.C.P. 23 class certification granted);

- *Williams v. Volt*, No. 10-cv-3927 (N.D. Ill.) (IWPCA class action for owed pay for over 15,000 employees);

- *Kernats v. Comcast Corp. Inc.,* Nos. 09-cv-3368 and 09-cv-4305, 2010 U.S. Dist. LEXIS 112071 (N.D. Ill. Oct. 20, 2010) (F.R.C.P. 23 class certification granted for over 8,000 Illinois employees);

- *Rosales v. Randstad*, No. 09-cv-1706 (N.D. Ill.) (class action certified under F.R.C.P. 23 for owed pay for over 20,000 employees);

- *Arrez v. Kelly Services, Inc.,* No. 07-cv-1289 (N.D. Ill.) (class action for unpaid wages certified under F.R.C.P. 23 for over 95,000 employees); and

- *Polk v. Adecco*, No. 06 CH 13405 (Cook Cty, Ill.) (class action for unpaid wages certified under Illinois law for over 36,000 employees).

These and other cases have successfully recovered damages, mostly owed wages, for hundreds of thousands of individuals.

8.      My published cases exceed 325 decisions and include:

- *Ervin v. OS Rest. Servs.*, 632 F.3d 971 (7th Cir. 2011) (the first and leading appellate decision addressing the propriety of a combined Rule 23 class action and a FLSA collective action under 29 U.S.C. § 216(b));

- *Marsh v. J. Alexander's LLC*, 869 F.3d 1108 (9th Cir. 2017), *on reh'g en banc*, 905 F.3d 610 (9th Cir. 2018) (the successful *en banc* reversal of a panel decision holding that the U.S. Department of Labor's sub-regulatory guidance that tipped employees are entitled to the full minimum wage for time spent in non-tipped occupations was a reasonable choice within a legislative gap left open by Congress and should receive *Auer* deference);

- *Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 981 (7th Cir. 2024) (reversing district court and holding that under Indiana law, an

arbitration agreement was not enforceable against the plaintiff or the FLSA collective);

- *In re Jimmy John's Overtime Litig.*, 877 F.3d 756 (7th Cir. 2017) (holding that district courts lack authority to enjoin potentially competing collective action lawsuits);

- *Bryant v. Compass Grp. USA, Inc.*, 958 F.3d 617 (7th Cir. 2020), *as amended on denial of reh'g and reh'g en banc* (June 30, 2020), one of the leading appellate decisions on Article III standing under BIPA holding that the collection of customer's fingerprints without first obtaining written consent as required by BIPA is a concrete injury sufficient to meet injury-in-fact requirement for standing.

9     I am a member of the Board of Editors and the author of Chapter 9 (Minimum Wage Requirements) and Chapter 18 (Settlement of FLSA Litigation) of the Leading Treatise on the Fair Labor Standards Act, entitled, "Kearns, *The Fair Labor Standards Act*," published by Bloomberg BNA in conjunction with the American Bar Association Section of Labor and Employment Law.

10.    I am a frequent speaker on class action issues. Some examples of my speaking engagements are:

| National Employment Lawyers Association, National Conference, Chicago, 2023 | Successful Mediation Strategies in Wage and Hour Class and Collective Action Litigation |
| --- | --- |
| National Employment Lawyers Association, National Wage and Hour Spring Seminar, San Diego, 2023 | Recent Developments in Settlement Approval |
| National Employment Lawyers Association, Denver, 2019 | Strategies for Litigating Mass Individual Arbitrations |
| Chicago Bar Association, 2018 | What's Hot (and not) in Class Action Litigation |
| Chicago Bar Association, Chicago Fall Seminar on Wage and Hour Litigation, 2017 | Settlement Strategies: Mediation and Court Approved Settlements in Wage and Hour Litigation |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Co-Counseling & Cooperating with Other Plaintiffs' Lawyers |
| National Employment Lawyers Association National Convention, Los Angeles, 2016 | Who is an Employer & Who is an Employee? |
| Federal Bar Association, Chicago Chapter, Moderator, 2016 | Enforcement and Litigation Priorities: EEOC, NLRB, DOL |
| National Employment Lawyers | Settlement Issues in Settling Wage and |

| Association National Convention, Washington, D.C., 2015 | Hour Class and Collective Actions |
|---|---|
| American Bar Association, Fair Labor Standards Legislation Committee, Puerto Vallarta, Mexico, 2015 | Litigation Issues in Wage and Hour Class and Collective Actions |
| Bridgeport Legal Conferences, Wage and Hour Class Action, Chicago, 2015 | Settlement of Wage and Hour Class Actions |
| Practicing Law Institute, Chicago, 2013, 2014, 2015 | FLSA Wage and Hour Update |
| Chicago Bar Association, Class Litigation Committee, 2011 | Current Terrain in Class Action Litigation |
| Illinois Institute of Continuing Legal Education, 2008 | Litigating Class Action Claims |
| AFL-CIO Lawyers Coordinating Committee, 2008 | Arbitrating Wage and Hour Cases |

11.    At the request of Judge Amy St. Eve who sits on the United States Court of Appeals for the Seventh Circuit, I was 1 of 10 lawyers in the United States (5 lawyers who primarily represent employees and 5 who primarily represent employers) who in 2017 authored FLSA Initial Discovery Protocols designed to streamline discovery of such cases in federal courts. See, https://www.fjc.gov/sites/default/files/materials/12/Initial_Discovery_Protocols_FLSA_Jan_2018.pdf (last visited September 18, 2024). The protocols were drafted in conjunction with the Federal Judicial Center (FJC) and the Institute for the Advancement of the American Legal System.

12.    I was a member of the working committee that helped author the 2006 amendments to the Illinois Day and Temporary Labor Services Act and the 2006 amendments to the Illinois Minimum Wage Law. I was also a member of the working committee that co-authored the 2010 "Wage Theft" amendments to the Illinois Wage Payment and Collection Act.

13.    I was a co-author of the National Employment Lawyers Association ("NELA") *amicus* brief filed in the case *Fast v. Applebee's Int'l, Inc.*, 638 F.3d 872 (8th Cir. 2011) *cert. denied* 565 U.S. 1156, 181 L. Ed. 2d 977 (Jan. 17, 2012), which deals with Section 3(m) of the

Fair Labor Standards Act, and what duties a tipped employee may lawfully perform while receiving a tip-credit wage rate. I was also a co-author of the NELA *amicus* brief filed in the case *Roach v. T.L. Cannon Corp.*, Case No. 13-3070, which resulted in the successful appeal and reversal of a district court's decision denying class certification on the grounds that individualized damages in a wage and hour class action defeated predominance under Fed. R. Civ. P. 23(b)(3). *Roach v. T.L. Cannon Corp.*, No. 13-3070-CV, 2015 WL 528125 (2d Cir. Feb. 10, 2015). The *Roach* decision is the lead appellate decision addressing the impact of the United States Supreme Court decision in *Comcast Corp. v. Behrend*, 569 U.S. 27, 133 S. Ct. 1426 (2013) on the predominance prong of Fed. R. Civ. P. 23(b)(3) in wage and hour class actions.

14.     In 2012, I was the recipient of the Thirteenth Annual Award for Excellence in Pro Bono Service awarded by the United States District Court for the Northern District of Illinois, in conjunction with the Chicago Chapter of the Federal Bar Association.

**Werman Salas P.C.'s Timekeeping in this Litigation**

15.     Each attorney and member of Werman Salas P.C.'s professional staff who worked on this litigation kept records of the time they expended through a software program known as "MyCase."[1] The billing file created for the instant litigation is named "*Imbarrato, et al. v. Banta Management Services, Inc., et al*." Beginning with my firm's initial consultation with the Plaintiff, whenever I or other members of Werman Salas P.C. performed work on behalf of Plaintiff in connection with this litigation, time entries were contemporaneously made in the MyCase program. These entries consist of a description of the work performed on the date of the entry and the amount of time spent during the day performing the work described.

---

[1]     During the litigation, Werman Salas P.C. changed its timekeeping system from Timeslips 2016 to MyCase. The record of hours kept in the Timeslips database was transferred to the MyCase database.

16.      As of September 17, 2024, Werman Salas P.C.'s reasonably incurred fees in the litigation is $138.581.30, using my firm's reasonable hourly rates assigned to each timekeeper. A summary of each timekeeper, their reasonable hours billed, and hourly rates is as follows:

| Werman Salas P.C. Billing Summary | | | | |
| Name | Position | Hours | Rate | Total |
| --- | --- | --- | --- | --- |
| Douglas Werman | Partner | 57.60 | $1,057.00 | $60,883.20 |
| Maureen Salas | Partner | 10.70 | $878.00 | $9,394.60 |
| John Frawley | Associate | 83.10 | $538.00 | $44,707.80 |
| Zachary Flowerree | Partner | 6.80 | $878.00 | $5,970.40 |
| Ari Gardner | Associate | 21.30 | $437.00 | $9,308.10 |
| Adriana Rodriguez | Paralegal | 22.70 | $239.00 | $5,425.30 |
| Cristina Calderon | Paralegal | 3.10 | $239.00 | $740.90 |
| Lynsey Major | Paralegal | 0.40 | $239.00 | $95.60 |
| Maria Obregon Reyes | Paralegal | 2.80 | $239.00 | $669.20 |
| Vanessa Tecun | Paralegal | 2.80 | $239.00 | $669.20 |
| | Total | 205.00 | | $138,581.30 |

17.      Werman Salas P.C. primarily represents clients on a contingency-fee basis, but it also has hourly paying clients. Depending on the type of matter, I charge hourly rates exceeding $1,000 per hour for non-contingency work, primarily as a mediator of wage and hour class and/or collective actions.  Other partners at my law firm have hourly rates exceeding $850 per hour. Associates at my law firm have hourly rates exceeding between $400 and $777 per hour.

18.      Maureen Salas received her Juris Doctor degree, *summa cum laude*, from DePaul University College of Law in May 2006, and she was elected into the Order of the Coif in

recognition of her scholastic excellence. Ms. Salas is a known and recognized lawyer focusing on wage and hour litigation. She is a sought-after speaker on wage and hour matters on a local and national basis. In October 2011, she was a speaker at the National Employment Lawyers Association's meeting on "Representing Workers in Individual & Collective Actions Under the FLSA." In August 2012, she was a speaker at the American Bar Association's - Section of Labor and Employment Law's - Annual Meeting. In October 2012 and October 2013, she was a speaker for continuing legal education "Wage & Hour Law" programs hosted by Bridgeport Legal Conferences. On March 9, 2013, she was a speaker at the National Employment Lawyers Association meeting on "Preventing Wage Theft: A Two-Day Guide to Litigation Cases Involving Wages, Hours and Work." On March 23, 2016, she was a speaker for an Illinois State Bar Association continuing legal education program "Tips for Negotiating Parental Leave for Attorneys." On April 28, 2016, she was a speaker for a Chicago Bar Association continuing legal education program "Hot Topics in Wage & Hour Law." On November 10, 2017, she was a speaker for the American Bar Association's Section of Labor and Employment Law's Annual Conference. On May 21, 2019, she spoke for the Illinois chapter of the National Employment Lawyer Association at its Spring Employment Law Seminar. On July 22, 2021, she spoke at the American Law Institute's Current Developments in Employment Law Seminar. On May 12, 2022, she was a speaker at the Illinois Institute for Continuing Legal Education's Employment Law Institute. On February 17, 2023, Ms. Salas was a speaker for the American Bar Association – Section of Labor and Employment Law – at its Federal Labor Standards Legislation Committee Meeting. On June 30, 2023, she was a moderator and speaker at the National Employment Lawyers Association's Annual Convention on "FLSA Hot Topics." On February 15, 2024, she was speaker at the

American Bar Association – Section of Labor and Employment Law – at its Federal Labor Standards Legislation Committee Meeting.

19.    Mr. Flowerree is a former partner at Werman Salas P.C. and is a 2011 graduate of the University of Chicago School of Law. Mr. Flowerree is also a known and recognized wage and hour lawyer, working as lead counsel in scores of successful collective and class actions throughout the United States. In particular, he was a leader in developing the law on behalf of tipped workers forced to work in dual jobs while being paid the subminimum tip credit wage rate for all time worked. See, e.g., *Cope v. Let's Eat Out, Inc.,* 354 F. Supp. 3d 976 (W.D. Mo. 2019); *Osman v. Grube, Inc.,* No. 3:16-CV-00802-JJH, 2018 WL 2095172, at *1 (N.D. Ohio May 4, 2018); *Grosscup v. KPW Mgmt., Inc.,* 261 F. Supp. 3d 867, 869 (N.D. Ill. 2017); *Black v. P.F. Chang's China Bistro, Inc.,* No. 16-CV-3958, 2017 WL 2080408, at *1 (N.D. Ill. May 15, 2017); *Stokes v. Wings Inv., LLC,* 213 F. Supp. 3d 1097 (S.D. Ind. 2016); *Robbins v. Blazin Wings, Inc.,* No. 15-CV-6340 CJS, 2016 WL 1068201, at *1 (W.D.N.Y. Mar. 18, 2016); *McLamb v. High 5 Hosp.,* 197 F. Supp. 3d 656 (D. Del. 2016). Prior to joining Werman Salas P.C., Mr. Flowerree was an associate attorney at Winston Strawn in its Chicago office.

20.    John Frawley is an associate at Werman Salas P.C. He is a 2018 graduate of Yale Law School. He clerked for Chief Judge Waverly D. Crenshaw, Jr. of the U.S. District Court for the Middle District of Tennessee and worked as an associate at Jenner & Block.

21.    Ms. Villanueva is a former associate at Werman Salas P.C. and is a 2015 graduate of Loyola University School of Law. Prior to graduating law school, Ms. Villanueva worked as a paralegal for Werman Salas PC for over 10 years.

22.    Ari Gardner is a former associate at Werman Salas P.C. and is a graduate of the University of Texas School of Law. After graduation he clerked for two years for a Magistrate Judge and a federal judge in the State of Alaska.

23.    Cristina Calderon has been employed as a paralegal with Werman Salas P.C. for more than 16 years. Ms. Calderon has an accounting degree, is highly skilled in using Microsoft Excel, and has testified in federal court as a summary witness on damages in wage and hour litigation on multiple occasions. In *Bainter v. v. Akram Investments, LLC*, No. 17 C 7064, 2018 WL 4943884, at *4 (N.D. Ill. Oct. 9, 2018), the court approved as reasonable an hourly rate of $230/hr for the data analysis and damage calculation work performed by Ms. Calderon.

24.    Werman Salas P.C.'s other professional staff are all highly qualified and experienced, and each have substantial credentials in federal courts and class and collective action litigation. Werman Salas P.C. bills its administrative staff members – Lynsey Major, Adriana Rodriguez, Maria Obregon Reyes and Vanessa Tecun – at hourly rates of $239 an hour, and courts from 2018 and earlier have approved hourly billing rates of $150-$175/hr for Werman Salas P.C.'s administrative staff. *Soto*, 2018 WL 1875296, at *4; See also *Osman,* 2018 WL 2095172, at *4-5; *Knox,* 2017 WL 3834929, at *4; *Sanchez*, 2017 WL 1425837, at *6.

25.    Plaintiff's Counsel's skill and experience also were directly responsible for bringing about the positive settlement and weigh in favor of granting the requested fees.

26.    The lodestar presented above does not take into consideration time Plaintiff's Counsel will spend fulfilling their obligations in the Settlement Agreement, conferring with the Settlement Administrator, monitoring the administration of the Settlement, and responding to the Opt-in Plaintiffs' inquiries.

27.    Class Counsel believs the rates billed by Werman Salas P.C.'s professional staff are within the market rates for lawyers and administrative staff members of Plaintiff's Counsel's experience and expertise.

**Risks of Litigation**

28.    Plaintiff's Counsel prosecuted this action on a contingent basis, without any assurance of payment for their services, in the face of significant risk. Class and collective action litigation are, almost by definition, complicated and time-consuming. My firm committed a tremendous investment of time, energy, and resources to this litigation, at the expense of other litigations it could have worked on.

29.    Because of the contingent nature of the fee arrangement, my firm was prepared to make this investment with the very real possibility of an unsuccessful outcome and no fee of any kind. My firm sometimes litigates and loses. For example, on January 7, 2020, my firm filed in the United States District Court for the Southern District of Indiana a proposed FLSA collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, *et seq.* on behalf of a client against American Queen Steamboat Operating Co., LLC and HMS Global Maritime. Dkt. No. 1, Case No. 4:20-cv-00004 (S.D. Ind.). This firm worked on that case for more than four years, and only *after* a successful appeal before the United States Court of Appeals for the Seventh Circuit (*Rodgers-Rouzier v. Am. Queen Steamboat Operating Co., LLC*, 104 F.4th 978, 981 (7th Cir. 2024)), did Defendants file for bankruptcy. At the time of the bankruptcy filing, this firm had incurred more than $1,200,000 in reasonably incurred lodestar. In other instances, my firm has lost at trial (*Schneider, et al. vs. Cornerstone Pints, Inc., et al.*, Case No. 13 C 4887 (N.D. Ill. 2013 and *Alvarado, et al. vs. Corporate Cleaning Service, Inc.*, et al., 07 C 6361 (N.D. Ill.), suffered decertification of a certified class weeks before trial (*Walker vs. Bankers Life and Casualty*

*Company, et al.*, Case No. 06 C 6906 (N.D. Ill).

30.     As can be seen from the examples above, Plaintiff's Counsel stood to gain nothing in the event the case was unsuccessful.

31.     Additionally, in my firm's experience, restaurant wage and hour cases are inherently high-risk due to often unexpected closings, collection issues, notwithstanding a restaurant's reputation or established years of business. In fact, this case was filed before the global COVID pandemic, which could easily have destroyed Defendants' business and made any recovery impossible.

32.     To date, Class Counsel has worked without compensation of any kind, and the fee has been wholly contingent upon the result achieved.  Class Counsel continues to take on difficult cases like this one because we believe that they are important as many individual workers may be unwilling or unable to front the costs of litigation for an outcome that is uncertain.

**Litigation Costs and Expenses**

33.     My firm incurred the following out-of-pocket expenses prosecuting the litigation as part of its request for one-third of the settlement fund, which were incidental and necessary to the representation of the Classes:

| Categories | Costs |
| --- | --- |
| Computerized Research | $63.36 |
| Court Filing Fees | $430.00 |
| Document Management | $40.15 |
| Postage | $2.65 |
| Travel | $1,791.89 |
| **Total** | **$ 2,328.05** |

34.    I declare under penalty that the foregoing is true and correct.

**Executed on**: September 25, 2024                    _____

                                                        Douglas M. Werman